■ ELAINE BAILEN, Respondent, v CHARLES JONES et al., Appellants, et al., Defendant. — In a negligence action to recover damages for personal injuries, defendants Charles Jones and Claudette Richardson appeal from an order of the Supreme Court, Kings County (Sullivan, J.), dated August 9, 1983, which granted plaintiff's ex parte application for an order directing expedient service of process pursuant to CPLR 308 (subd 5). ¶ Appeal dismissed. No appeal lies from an ex parte order (see *Violante v Berkowitz,* 90 AD2d 837). ¶ In any event, were we to deem it appropriate to treat the instant appeal as an application for review pursuant to CPLR 5704 (subd [a]), we would deny the application. Rubin, J. P., Boyers, Lawrence and Eiber, JJ., concur.

■ BLASCO SUPPLY, INC., Respondent, v TRAVELERS INDEMNITY COMPANY, Appellant, et al., Defendants. — In an action, *inter alia,* to declare that defendant Travelers Indemnity Company is obligated to defend and indemnify plaintiff Blasco Supply, Inc., in an underlying personal injury action brought by the codefendants against the plaintiff, defendant Travelers Indemnity Company appeals from (1) an order and judgment (one paper) of the Supreme Court, Nassau County (Wager, J.), entered June 7, 1983, which denied Traveler's motion for summary judgment, granted plaintiff's cross motion for summary judgment, and adjudged that Travelers is obligated to defend Blasco in the underlying personal injury action, and (2) an order of the same court, dated July 14, 1983, which granted plaintiff's motion to resettle the order and judgment entered June 7, 1983 to provide that Travelers Indemnity Company is obligated to pay any judgment against Blasco in the personal injury action up to the policy limits, if it is determined that Blasco owned the motor vehicle involved in that action. ¶ Order and judgment entered June 7, 1983 and order dated July 14, 1983 affirmed, with one bill of costs. ¶ Special Term correctly determined that under the comprehensive automobile liability policy issued by Travelers Indemnity Company, providing for an end-of-term audit premium, coverage was afforded to any owned automobile whether or not listed in the policy declarations. ¶ Under said policy of insurance, the insurance carrier is required to defend an insured in a negligence action wherein it is claimed that the insured, though not the registered owner, was the true owner and is therefore responsible for the damages suffered by plaintiffs in the underlying action. If it is established in said action that the offending automobile is indeed owned by the insured, the carrier would be required to pay up to the policy limits any amount assessed as damages against the insured (see *Green Bus Lines v Consolidated Mut. Ins. Co.,* 74 AD2d 136, 141, overruled on other grounds *Insurance Co. of North Amer. v Dayton Tool & Die Works,* 57 NY2d 489). Rubin, J. P., Boyers, Lawrence and Eiber, JJ., concur.