■ JOSEPH SANTANGELO, Appellant, v STATE OF NEW YORK, Respondent. FRED KIRSCHENHEITER, Appellant, v STATE OF NEW YORK, Respondent.—In negligence claims to recover damages for personal injuries sustained by police officers during the apprehension of a State mental hospital escapee, the claimant Joseph Santangelo appeals from a judgment of the Court of Claims (Benza, J.), dated July 26, 1985, and the claimant Fred Kirschenheiter appeals from a judgment of the same court, dated July 26, 1985, which, after the presentation of evidence by the parties, dismissed the respective claims.

Ordered that the judgments are affirmed, without costs or disbursements.

On July 15, 1979, Police Officers Joseph Santangelo and Fred Kirschenheiter responded to a call for assistance from the uncle of Brian Bordes, an escaped Kings Park Psychiatric Center patient. During the officers' attempt to apprehend Bordes, a struggle ensued and both officers were injured as a result of knife wounds inflicted by Bordes.

Based on the manner in which Bordes was confined, and given his many successful escapes, three of which were accomplished in the same manner, the record clearly indicates an

unreasonable and careless attitude on the part of the State toward the safety of the public as it related to the custody and supervision of this dangerous psychiatric patient. The hospital's discharge of Bordes 30 days after his escape was also not in accordance with the Department of Mental Hygiene regulations and policy manual. Thus, the Court of Claims correctly found that the State was negligent in permitting Bordes to escape and in failing to comply with the applicable regulations (14 NYCRR 37.1 *et seq.),* and the policy manual provisions regarding escaped patients, which negligence was the proximate cause of the claimants' injuries.

However, despite the finding of negligence on the part of the State, the officers' claims were properly dismissed. The Court of Appeals has recently held that, even with the enactment of CPLR article 14-A, the assumption of risk doctrine may still act to negate a defendant's duty in its entirety, serving as a complete bar to recovery *(see, Arbegast v Board of Educ.,* 65 NY2d 161). Here, the police officers expressly assumed the risks inherent in their profession based on the very nature of their duties, and, in particular, based on the statutory directive that police officers shall assist in the apprehension of escaped mental patients *(see,* Mental Hygiene Law § 29.19). Public policy justifies the denial of recovery by police officers for injuries sustained as a result of the negligence which created the need for the special services for which they are trained *(see, McGee v Adams Paper & Twine Co.,* 26 AD2d 186, *affd* 20 NY2d 921).

Lastly, the claimants allege that the State failed to warn the police that Bordes had threatened to kill police officers in the past, and such failure was a violation of statutory directives that police officers be notified of dangerous escapees, and that the specific individuals threatened by the danger be notified as well *(see,* 14 NYCRR 37.3). We agree with the Court of Claims that the police officers herein were not within the class protected by this regulation and that an interpretation of the regulation, that an individual officer be warned of a specific danger to himself, would be inherently contradictory with Mental Hygiene Law § 29.19, which mandates that this same police officer seek out and apprehend the maker of the threat to prevent injury to those in danger, namely, himself. Mangano, J. P., Bracken, Niehoff and Weinstein, JJ., concur.