■ DAIRY MAID FOOD CORPORATION et al., Plaintiffs, v HOME INDEMNITY COMPANY, Respondent, and PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, et al., Defendants.—In an action, *inter alia,* for a judgment declaring that a certain automobile was covered by a primary liability insurance policy issued by the Home Indemnity Company (hereinafter the Home), the Public Service Mutual Company (hereinafter Public) appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated October 28, 1986, which awarded the sum of $38,301 to the Home.

Ordered that the judgment is modified, on the law, by adding a provision thereto declaring that the automobile is not covered by the primary liability insurance policy issued by the Home. As so modified, the judgment is affirmed, with costs payable by Public.

Several insurance companies, including the Home and Public, paid various stipulated sums of money in settlement of a personal injury claim. The Home and Public reserved their rights concerning the amount each should pay with respect to a dispute concerning whether the automobile involved in the accident, which was covered by other primary and excess insurance policies, was also covered by a primary liability insurance policy issued by the Home to the plaintiff Dairy Maid Food Corporation and the defendant ECT Leasing Co., Inc. We conclude that the subject automobile was not covered by that policy. The automobile was not listed in any of the schedules of covered automobiles which either formed part of the original policy or constituted modifications of that policy. The policy did not contain any "automatic" coverage provision that would extend coverage to automobiles acquired after the contract date even though not listed under the original policy *(see,* 12 Couch, Insurance Law § 45:181 *et seq.* [2d ed rev]). Also, unlike the policy in *Blasco Supply v Travelers Indem. Co.* (102 AD2d 859), cited by Public, which characterized itself as not being a "scheduled" automobile liability policy, the Home's policy here contained no such characterization that coverage was not limited to scheduled automobiles. Moreover, even policies which provide for "blanket" or "fleet" coverage apply only to vehicles which were acquired after the inception of the original policy (12 Couch, Insurance Law §§ 45:187, 45:193 [2d ed rev]). It is undisputed that the subject automobile was already owned at the time the initial policy commenced and that it was not listed therein.

Although not necessary to the result, under the circumstances of this case, the fact that the subject automobile was concededly also covered by another insurance company's primary policy lends further support to the conclusion that the insured did not intend for coverage under the primary liability insurance policy issued by the Home to extend to this vehicle.

We have considered Public's remaining contentions and find them to be without merit. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.