■ JOHN A. ROGAN et al., Respondents, v ROCCO GIANNOTTO et al., Defendants and Third-Party Plaintiffs-Appellants. MENDEL WERDYGER, Respondent, et al., Third-Party Defendant.—In an action, inter alia, to recover damages for personal injuries, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Hurowitz, J.), entered June 30, 1988, which denied their motion for summary judgment dismissing the complaint and all cross claims as against them.

Ordered that the order is reversed, on the law, with one bill of costs, payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

During the course of fighting a fire in a building owned by

the appellants, the plaintiff firefighters entered the adjacent structure owned by the defendant Werdyger and were injured as they attempted to climb a scuttle ladder which led to the roof. The plaintiffs' complaint asserted a common-law negligence cause of action against the two landowners, as well as a cause of action predicated on General Municipal Law § 205-a alleging that the appellants failed to have operable smoke detectors on their premises. The appellants' motion for summary judgment dismissing the complaint and the cross claims as asserted against them was denied. We disagree and now reverse.

Initially it should be observed that the plaintiff firefighters' common-law negligence cause of action cannot be predicated upon alleged negligence that created the need for their firefighting services (see, Santangelo v State of New York, 71 NY2d 393, affg 127 AD2d 647; see also, Kenavan v City of New York, 70 NY2d 558; McGee v Adams Paper & Twine Co., 20 NY2d 921, affg 26 AD2d 186). Moreover, neither the plaintiff firefighters, whose statutory cause of action permitted a showing of causation less burdensome than that normally required (see, Cotter v Spear, 139 AD2d 555, 557), nor Werdyger, established any causal connection between the appellants' alleged negligence and the injuries sustained. Conjecture alone does not suffice to defeat a summary judgment motion (see, Zuckerman v City of New York, 49 NY2d 557, 563), and mere speculation that the pending deposition of the third-party defendant Orozco will uncover a question of fact is likewise insufficient (see, Kennerly v Campbell Chain Co., 133 AD2d 669; CPLR 3212 [f]). Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.