■ WILLIAM J. BENNETT et al., Respondents, v UNITED PRESBYTERIAN HOME AT SYOSSET, INC., et al., Appellants.—In an action, *inter alia,* to enjoin the defendants from terminating the plaintiffs' medical staff privileges at the defendant United Presbyterian Home at Syosset, Inc., the defendants appeal from (1) an ex parte order of the Supreme Court, Nassau County (DiNoto, J.), dated September 26, 1988, which, *inter alia,* temporarily restrained the defendants from terminating the staff privileges of the plaintiffs, (2) a decision of the same court (Brucia, J.), dated September 30, 1988, which continued the temporary restraining order, and (3) an order of the same court (Brucia, J.), dated November 23, 1988, which granted the plaintiffs' application for a preliminary injunction to the extent of enjoining the defendants, *inter alia,* from terminating the staff privileges of the plaintiffs pending the determination of a complaint brought by the plaintiffs against the defendants before the Public Health Council.

Ordered that the appeal from the ex parte order dated September 26, 1988 is dismissed; and it is further,

Ordered that the appeal from the decision is dismissed as no appeal lies from a decision; and it is further,

Ordered that the appeal from the order dated November 23, 1988 is dismissed as academic; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The appeal from the order which granted the plaintiffs' ex parte application for a temporary restraining order must be dismissed as no appeal lies from an ex parte order *(see, Bailen v Jones,* 102 AD2d 859; *Violante v Berkowitz,* 90 AD2d 837). Review of an ex parte order is obtainable only by application pursuant to CPLR 5704 (a).

In addition, since the plaintiffs were granted a preliminary injunction only until the Public Health Council rendered a determination with respect to the complaints filed by the plaintiffs and since the council rendered such a determination while this appeal was pending, the appeal from the order granting the preliminary injunction is academic *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707). Mollen, P. J., Bracken, Rubin and Sullivan, JJ., concur.