■ CHILDREN'S VILLAGE et al., Respondents, v GREENBURGH ELEVEN TEACHERS' UNION FEDERATION OF TEACHERS, LOCAL 1532, et al., Appellants. [648 NYS2d 616] —In an action for a declaratory judgment and injunctive relief, the defendant, Greenburgh Eleven Teachers' Union Federation of Teachers, Local 1532, appeals, and John Goetschius, Thomas Dilworth, Thomas Baldino, Roy Polonio, Reginald Skinner, David Demnitz, Susan Doyle, James Carforo, Cynthia Yohe, and Kenneth Cielatka, separately appeal from a judgment of the Supreme Court, Westchester County (Nastasi, J.), entered June 27, 1994, which, upon granting the plaintiff's motion to hold them in contempt of court, *inter alia,* adjudged that they were in criminal and civil contempt of a prior restraining order of the same court dated March 10, 1994.

Ordered that the judgment is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The instant appeal is one of several arising from a labor dispute involving teachers who are members of the defendant Greenburgh Eleven Teachers' Union Federation of Teachers, Local 1532 (hereinafter the Union). The appellants conducted a demonstration in violation of a temporary restraining order. The arguments made by the union and in the *amicus curiae* brief largely assert that the underlying ex parte temporary restraining order issued by the Supreme Court was invalid, though the union never moved before this Court to modify or to vacate the ex parte order *(see, e.g.,* CPLR 5704 [a]; *Bennett v United Presbyt. Home,* 154 AD2d 572). In sum, the arguments amount to a collateral attack on a prior temporary restraining order which was jurisdictionally valid, and such arguments will not be considered on this appeal of the subsequent judgment holding the appellants in contempt *(see, Coronet Capital Co. v Spodek,* 202 AD2d 20, 29-30; *Busters Cleaning Corp. v Frati,* 203 AD2d 409; *Greco v Winney,* 176 AD2d 407).

The Supreme Court providently exercised its discretion in assessing attorneys' fees of $15,000 and costs of $800 against the union in light of its willful and contemptuous conduct, and the papers submitted in support of such an award were sufficient *(see,* Judiciary Law § 773; *Glanzman v Fischman,* 143 AD2d 880; *Entertainment Publs. v Modroukas,* 117 AD2d 508).

The individual appellant teachers contend, *inter alia,* that they were adjudicated to be in contempt of the restraining order without legal representation in violation of Judiciary Law § 770. However, the record demonstrates that the individual appellant teachers were in fact represented by counsel for the

Union who, *inter alia,* opposed the contempt motion on their behalf. Accordingly, the appellants have not demonstrated that the judgment is infirm as to them. Rather, the judgment is affirmed as to the individual appellant teachers largely for the same reasons as it is affirmed against the Union.

We have reviewed the appellants' remaining contentions and find them to be without merit *(see, e.g., Power Auth. v Moeller,* 57 AD2d 380). Miller, J. P., Ritter, Goldstein and Florio, JJ., concur.