■ In the Matter of KAL DATA INC., Formerly Known as MICRO CONNECTIONS, INC., Respondent, v AMC COMPUTER CORP. et al., Appellants. [703 NYS2d 199] —In a proceeding, *inter alia*, pursuant to CPLR 7502 (c) for injunctive relief in connection with an arbitrable controversy, the appeal, as limited by the notice of appeal and brief, is from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 5, 1999, as granted the petitioner's motion, *inter alia*, to enjoin the appellants from conducting business under the name Micro Connections, Inc.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

CPLR 7502 (c) endows a court with limited discretion to grant a preliminary injunction "in connection with an arbitrable controversy". The statute clearly cautions that such relief may be awarded "only upon the ground that the [arbitration] award to which the applicant may be entitled may be rendered ineffectual without such provisional relief" (*see, Matter of Salvano v Merrill, Lynch, Pierce, Fenner & Smith*, 85 NY2d 173). If the statutory standard is not met, injunctive relief is inappropriate (*see, New York City Off-Track Betting Corp. v New York Racing Assn.*, 250 AD2d 437).

In the instant case, the petitioner was awarded various injunctions in connection with a breach of contract matter that was subject to arbitration. However, only the appellant AMC Computer Corp. sought affirmative relief in the arbitral forum; the petitioner never filed an arbitration demand of its own for any award. Therefore, because the petitioner did not seek an arbitration award in its favor, it failed to prove that any award to which it might be entitled would be rendered ineffectual absent injunctive relief. Moreover, the petitioner did not establish its entitlement to injunctive relief pursuant to CPLR 6301. Mangano, P. J., Thompson, Altman and Luciano, JJ., concur.