■ GEORGE SPIEGEL, Appellant, v D.H. BLAIR & Co., INC., et al., Respondents, et al., Respondents. AMERICAN INTERNATIONAL GROUP, INC., et al., Nonparty Respondents. [733 NYS2d 602] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered July 31, 2001, which denied and dismissed the petition brought pursuant to CPLR article 75 for an order of attachment pursuant to CPLR 7502 (c), and order, same court and Justice, entered August 14, 2001, which, to the extent

appealed from, denied petitioner's application for discovery pursuant to CPLR 3102 (c), unanimously affirmed, without costs.

Although requests for provisional relief pursuant to CPLR 7502 (c) are addressed to the discretion of the motion court (*see, Matter of Chiavarelli v State Univ. of N. Y. Health Science Ctr.,* 248 AD2d 712), discretion to grant such relief is "limited" (*see, Matter of Kal Data v AMC Computer Corp.,* 268 AD2d 589). Here, where there is no evidence that respondents are hiding or dissipating assets, the article 75 court properly observed the limitations upon its discretionary authority in denying petitioner's application (*cf., Costikyan v Jacobson,* 280 AD2d 272). We likewise find no error in the motion court's denial of petitioner's request for discovery, purportedly in aid of arbitration pursuant to CPLR 3102 (c). As the motion court observed, petitioner's wish to ascertain whether respondents would be able to satisfy an arbitration award does not amount to an extraordinary circumstance warranting discovery under the cited statute (*see, De Sapio v Kohlmeyer,* 35 NY2d 402). Since we find the foregoing a sufficient basis for affirmance, we have not considered, and do not reach, respondents' alternative arguments as to petitioner's substantive bases for demanding RICO treble damages. Concur—Rosenberger, J. P., Nardelli, Mazzarelli and Wallach, JJ.