In the Matter of CONGREGATION YETEV LEV D'SATMAR, INC., Petitioner, v JACOB (JENO) (YAAKOV) KAHANA et al., Respondents, et al., Respondents. JACOB BRACH, Nonparty Appellant. [764 NYS2d 140] —In a proceeding pursuant to CPLR article 75 to compel arbitration of claims before a rabbinical court, Jacob Brach appeals (1), as limited by his brief, from so much of an order to show cause signed by the Supreme Court, Kings County (Barasch, J.), dated September 7, 2001, as precluded him from entering the main synagogue of Congregation Yetev Lev D'Satmar, Inc., for any purpose other than to attend and participate in religious services and observances, and (2) from an order of the same court, dated January 22, 2002, which, after a hearing, granted the motion of, among others, Jacob (Jeno) (Yaakov) Kahana to hold him in civil contempt for violating the terms of the order dated September 7, 2001, and enjoined him from entering the main synagogue for any purpose.

Ordered that the appeal from the order to show cause dated September 7, 2001, is dismissed, as no appeal lies from an ex parte order (*see Bailen v Jones,* 102 AD2d 859 [1984]); and it is further,

Ordered that the order dated January 22, 2002, is reversed, on the law, and the motion is denied; and it is further,

Ordered that one bill of costs is awarded to the appellant.

A temporary restraining order contained in an order to show cause dated September 7, 2001, prohibited Jacob Brach from entering the main synagogue of Congregation Yetev Lev D'Satmar, Inc., for any purpose other than to attend and par-

ticipate in religious services and observances. On November 20, 2001, Brach gave a speech in the main synagogue denouncing an assault that occurred there three days earlier. A motion was made to hold Brach in civil contempt for violating the temporary restraining order. After a hearing, the Supreme Court issued an order dated January 22, 2002, holding Brach in contempt and enjoining him from entering the main synagogue for any purpose.

Brach cannot collaterally attack the temporary restraining order on his appeal from the order holding him in contempt (*see Children's Vil. v Greenburgh Eleven Teachers' Union Fedn. of Teachers, Local 1532,* 232 AD2d 357 [1996]). However, the Supreme Court improperly held him in contempt. To sustain a finding of civil contempt based upon a violation of a court order, it must appear that the person charged violated a clear and unequivocal court order and that the conduct impaired or prejudiced the rights of a party to the litigation (*see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins,* 84 NY2d 216, 226 [1994]). The respondents failed to demonstrate that Brach's speech was calculated to or actually did defeat, impair, impede, or prejudice their rights in any way.

The Supreme Court also improperly enjoined Brach from entering the synagogue for any purpose. The respondents did not establish entitlement to such injunctive relief (*see Matter of Kal Data v AMC Computer Corp.,* 268 AD2d 589 [2000]).

Brach's remaining contentions either need not be addressed in light of the foregoing, are unpreserved for appellate review, or are without merit. Altman, J.P., Smith, McGinity and Adams, JJ., concur.