■ Orange County-Poughkeepsie Limited Partnership, Doing Business as Verizon Wireless, Respondent, v Theodore J. Bonte, Appellant. [830 NYS2d 571]—

In an action for a judgment declaring that a sublease between the parties is valid, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Dolan, J.), dated June 16, 2005, which granted the plaintiff's motion to adjudicate him in contempt of court, imposed a fine, and directed that he pay the plaintiff awards of an attorney's fee and costs and disbursements, and (2) a judgment of the same court dated September 19, 2005, which, upon an order of the same court dated August 25, 2005 striking his answer and dismissing the affirmative defenses, and granting the plaintiff partial summary judgment, is in favor of the plaintiff and against him, declaring that the subject lease was properly extended by the plaintiff for an additional five-year term commencing December 1, 2004 and ending November 30, 2009.

Ordered that the order and the judgment are affirmed, with one bill of costs.

Pursuant to an option and lease agreement entered into in 1994, the plaintiff, Orange County-Poughkeepsie Limited Partnership, doing business as Verizon Wireless (formerly doing business as Bell Atlantic Mobile) (hereinafter Orange), leased from the defendant, Theodore J. Bonte, certain property at Stissing in the Town of Stanford, New York (hereinafter the property) for the purpose of constructing, maintaining, and operating a wireless communications facility thereon. When Orange, by letter dated April 21, 2004, attempted to exercise its option to extend the lease for a third term of five years, in accordance with the instructions set forth in paragraph 4 of the lease, Bonte refused to accept the letter. This action, in which Orange sought a judgment declaring that the lease had been extended for an additional term commencing December 1, 2004 ensued.

Pending determination of a motion by Orange for injunctive relief, the court granted a temporary restraining order (hereinafter the TRO), among other things, enjoining Bonte from "commencing any action or proceeding in . . . any . . . Court in New York State, seeking removal of Orange, its agents, successors and/or assigns, from the Leased Premises."

Some time after the TRO went into effect, Bonte commenced a separate action against Crown Castle USA, Inc., Crown Atlantic Company, LLC, and Crown Castle International Corp. (hereinafter collectively Crown), Orange's property manager, according to Orange, and its assignee, according to Bonte, seeking, inter alia, judgment declaring that Bonte "is vested with an absolute and unencumbered title in fee simple to the Property and improvements." Orange moved to hold Bonte in contempt for violating the TRO, and the Supreme Court granted the motion, rejecting Bonte's argument that an outcome in his favor on the separate action would not prejudice the rights of Orange. We agree.

"In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation" (*Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]; *see* Judiciary Law § 753 [A] [3]; *McCain v Dinkins*, 84 NY2d 216, 225-226 [1994]; *Matter of Congregation Yetev Lev D'Satmar v Kahana*, 308 AD2d 447, 448 [2003]). To satisfy the prejudice requirement, it is sufficient to allege and prove that the contemnor's actions were "calculated to . . . defeat, impair, impede or prejudice the rights or remedies of a party" (*City of Poughkeepsie v Hetey*, 121 AD2d 496, 497 [1986]; *see* Judiciary Law § 753 [A] [3]; *Matter of Fishel v New York State Div. of Hous. & Community Renewal*, 172 AD2d 835, 838 [1991]).

Bonte's argument that he did not violate the TRO because the request for declaratory judgment in the separate action did not explicitly seek removal of Crown from the property is disingenuous. Equally disingenuous is his contention that, even if he did violate the TRO, Orange failed to demonstrate that it suffered any prejudice thereby, as the Supreme Court could only speculate as to whether the action would have culminated in the termination of Orange's lease rights. As the Supreme Court accurately stated, a holding in favor of Bonte in the separate action "would act as a termination of the 1994 lease and serve as a basis for the removal of Orange from the subject premises." Thus, the Supreme Court properly found that Bonte violated the TRO by an act calculated to "defeat impair, impede, or prejudice the plaintiff's rights" (*Goldsmith v Goldsmith, supra* at 577).

The Supreme Court also properly granted the plaintiff's motion for partial summary judgment, declaring that the lease had been extended for an additional five-year term. Orange made a prima facie showing of entitlement to judgment as a matter of

law by tendering sufficient evidence to demonstrate the absence of any material issue of fact as to whether it had effectively exercised its option to extend the Lease (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition to the motion, Bonte failed to raise a question of fact as to whether Orange was the owner of the leasehold and whether the signatory to the extension letter and lease was authorized to act on behalf of Orange. "It is well settled that the shadowy semblance of an issue or bald conclusory assertions, even if believable, are not enough to defeat a motion for summary judgment" (*Spodek v Park Prop. Dev. Assoc.*, 263 AD2d 478, 478 [1999]; *see Seaboard Sur. Co. v Nigro Bros.*, 222 AD2d 574, 575 [1995]; *Mlcoch v Smith*, 173 AD2d 443, 444 [1991]). Bonte's conclusory assertions questioning the veracity of the affidavits submitted by Orange were not believable and were certainly insufficient to defeat Orange's motion (*see Alvarez v Prospect Hosp., supra; Winegrad v New York Univ. Med. Ctr., supra*).

As to Bonte's professed entitlement to further discovery, "[t]o speculate that something might be caught on a fishing expedition provides no basis pursuant to CPLR 3212 (f) to postpone decision on [a] summary judgment motion" (*Gateway State Bank v Shangri-La Private Club for Women*, 113 AD2d 791, 792 [1985], *affd* 67 NY2d 627 [1986]; *see Rogan v Giannotto*, 151 AD2d 655, 656 [1989]; *Kennerly v Campbell Chain Co., Campbell Chain Div. McGraw-Edison Co.*, 133 AD2d 669, 670 [1987]). Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.