■ Faith Astrada, Respondent, v Hulbert Archer, Defendant, and Regina Felton, Appellant. [898 NYS2d 149]—

In an action, inter alia, to recover damages for breach of a contract for the sale of real property, the defendant Regina Felton appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated February 1, 2008, as directed a hearing to aid in the disposition of those branches of the plaintiff's motion which were (a) to hold her in contempt of court for failure to comply with a prior order of the same court dated February 14, 2007, directing her

to return the plaintiff's down payment and pay statutory interest to the plaintiff, and (b) for an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1, (2) from an order of the same court dated March 28, 2008, which, after the hearing, in effect, granted that branch of the plaintiff's motion which was to hold her in contempt of court for failure to comply with a prior order of the same court dated February 14, 2007, directing her to return the plaintiff's down payment and pay statutory interest to the plaintiff, and directed her incarceration in the event she failed to do so within 10 days of March 28, 2008, (3) from an order of the same court dated August 7, 2008, which, after a hearing, in effect, granted that branch of the plaintiff's motion which was for an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1 and directed her to pay costs to the plaintiff in the principal sum of $40,600.50 and to pay a sanction to the Lawyers' Fund for Client Protection in the sum of $10,000, (4) from a money judgment of the same court dated October 2, 2008, which is in favor of the plaintiff and against her in the principal sum of $40,600.50, and (5) from an order of the same court dated November 21, 2008, which, sua sponte, directed a hearing to determine whether she should be held in criminal contempt for violating the order dated August 7, 2008, by failing to pay a sanction to the Lawyers' Fund for Client Protection in the sum of $10,000.

Ordered that the appeals from the orders dated February 1, 2008, and November 21, 2008, are dismissed; and it is further,

Ordered that the appeal from so much of the order dated August 7, 2008, as, after a hearing, in effect, granted that branch of the plaintiff's motion which was for an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1 and directed the defendant Regina Felton to pay costs to the plaintiff in the principal sum of $40,600.50 is dismissed; and it is further,

Ordered that the order dated March 28, 2008, is affirmed; and it is further,

Ordered that the order dated August 7, 2008, is affirmed insofar as reviewed; and it is further,

Ordered that the money judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the orders dated February 1, 2008, and November 21, 2008, must be dismissed. An order which directs a judicial hearing to aid in the disposition of a motion is not appealable as of right because it does not decide the motion, and

does not affect a substantial right (*see Akerman v Akerman*, 53 AD3d 633 [2008]; *D'Agnese v Spinelli*, 308 AD2d 561, 562 [2003]; *Aw v Aw*, 305 AD2d 344, 345 [2003]), and leave to appeal has not been granted. Further, any appeal from the order dated November 21, 2008, would be academic, as that order was vacated by an order of the same court dated December 5, 2008 (*see Canarelli v Canarelli*, 58 AD3d 658, 658-659 [2009]).

The appeal from so much of the order dated August 7, 2008, as, after a hearing, in effect, granted that branch of the plaintiff's motion which was for an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1 and directed the defendant Regina Felton to pay costs to the plaintiff in the principal sum of $40,600.50 must be dismissed, as that portion of the order was superseded by the money judgment dated October 2, 2008 (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on the appeal from that portion of the order have been considered on the appeal from the money judgment (*see* CPLR 5501 [a] [1]).

In February 2005 the plaintiff and the defendant Hulbert Archer entered into a contract for the plaintiff's purchase of real property owned by Archer. In April 2005 the plaintiff tendered a down payment check in the amount of $30,000 to Archer's attorney, the defendant Regina Felton, to be held by Felton in escrow until closing occurred or the contract was terminated. By letter dated October 28, 2005, the plaintiff's attorney notified Felton that Archer had breached his obligations under the terms of the contract and demanded the return of the plaintiff's down payment. Felton did not return the down payment at that time.

In November 2005 the plaintiff commenced this action against Archer and Felton, inter alia, to recover damages for breach of contract. The plaintiff subsequently moved, among other things, for summary judgment on her cause of action alleging breach of contract. In an order dated December 21, 2006, the Supreme Court, inter alia, granted that branch of the plaintiff's motion and directed Felton to return the plaintiff's down payment and pay statutory interest to the plaintiff within 10 days after being served with notice of entry of the order.

Felton failed to return the down payment or pay statutory interest to the plaintiff. In an order dated February 14, 2007, the Supreme Court, inter alia, directed Felton to return the plaintiff's down payment and pay statutory interest to the plaintiff within 14 days after being served with notice of entry of that order or face a finding of civil contempt.

Felton and Archer appealed from portions of the orders dated

December 21, 2006, and February 14, 2007. However, in April 2007, the guardian for the management of Archer's property withdrew the appeals insofar as asserted on Archer's behalf. In an order dated May 27, 2008, this Court affirmed the orders dated December 21, 2006, and February 14, 2007, insofar as appealed from by Felton (see *Astrada v Archer*, 51 AD3d 954 [2008]).

In November 2007, the plaintiff moved, inter alia, to hold Felton in contempt of court for failure to comply with the order dated February 14, 2007, and for an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1. At a hearing held on March 28, 2008, to address those branches of the plaintiff's motion, Felton acknowledged that she had still not returned the plaintiff's down payment or paid statutory interest to the plaintiff. In an order dated March 28, 2008, the Supreme Court, in effect, granted that branch of the plaintiff's motion which was to hold Felton in civil contempt of court for failure to comply with the order dated February 14, 2007, and directed Felton's incarceration in the event she failed to return the plaintiff's down payment and pay statutory interest to the plaintiff within 10 days of March 28, 2008. On April 18, 2008, Felton purged her contempt by returning the plaintiff's down payment and paying statutory interest to the plaintiff.

In an order dated August 7, 2008, the Supreme Court, in effect, granted that branch of the plaintiff's motion which was for an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1 and directed Felton to pay costs to the plaintiff in the principal sum of $40,600.50 and to pay a sanction to the Lawyers' Fund for Client Protection in the amount of $10,000. The Supreme Court subsequently entered a judgment dated October 2, 2008, which is in favor of the plaintiff and against Felton in the principal sum of $40,600.50.

Contrary to Felton's contention, the Supreme Court properly granted that branch of the plaintiff's motion which was to hold her in contempt of court based upon her failure to comply with the order dated February 14, 2007. In order to prevail on a motion to punish a party for civil contempt, the movant must demonstrate that the party charged violated a clear and unequivocal court order, thereby prejudicing a right of another party to the litigation (see Judiciary Law § 753 [A] [3]; *Orange County-Poughkeepsie Ltd. Partnership v Bonte*, 37 AD3d 684, 686 [2007]; *Goldsmith v Goldsmith*, 261 AD2d 576, 577 [1999]). To satisfy the prejudice element, it is sufficient to allege and prove that the contemnor's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a

party (*see Orange County-Poughkeepsie Ltd. Partnership v Bonte*, 37 AD3d at 686; *Yeshiva Tifferes Torah v Kesher Intl. Trading Corp.*, 246 AD2d 538 [1998]).

Here, the plaintiff established that, as of March 28, 2008, Felton had violated the order dated February 14, 2007, by failing to return her down payment and pay her statutory interest, and that such conduct had prejudiced her rights (*see* Judiciary Law § 753 [A] [3]). Moreover, Felton failed to substantiate her claim that her refusal to comply with that order was justified. A party is obligated to comply with a court order, however incorrect the party may consider that order to be, until that order is set aside, either by appeal or otherwise, as long as the court issuing the order had jurisdiction to issue it (*see Gloveman Realty Corp. v Jefferys*, 29 AD3d 858, 858-859 [2006]; *Busters Cleaning Corp. v Frati*, 203 AD2d 409, 409-410 [1994]). Here, the record does not support Felton's contention that the Supreme Court was without jurisdiction to order her to return the plaintiff's down payment and pay statutory interest to the plaintiff in the order dated February 14, 2007, which was issued upon her failure to comply with the order dated December 21, 2006.

Additionally, the Supreme Court properly granted that branch of the plaintiff's motion which was for an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1, and properly directed Felton to pay costs to the plaintiff and a sanction to the Lawyers' Fund for Client Protection. Conduct is frivolous and can result in an award of costs or the imposition of sanctions under 22 NYCRR 130-1.1 if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or it is "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [1], [2]; *see Glenn v Annunziata*, 53 AD3d 565, 566 [2008]; *Ofman v Campos*, 12 AD3d 581, 582 [2004]). "In making that determination, the court must consider 'the circumstances under which the conduct took place' and 'whether or not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent' " (*Glenn v Annunziata*, 53 AD3d at 566, quoting 22 NYCRR 130-1.1 [c]). Here, among other things, Felton's conduct in refusing to return the plaintiff's down payment and pay statutory interest to the plaintiff for more than a year after being directed to do so in the order dated December 21, 2006, was completely without merit in law (*see* 22 NYCRR 130-1.1 [c] [1]). Fisher, J.P., Angiolillo, Lott and Sgroi, JJ., concur.