■ In the Matter of EXECUTIVE LIFE INSURANCE COMPANY OF NEW YORK. SUPERINTENDENT OF FINANCIAL SERVICES, Formerly Known as SUPERINTENDENT OF INSURANCE OF STATE OF NEW YORK, Respondent; JEANICE DOLAN et al., Appellants. [996 NYS2d 123]—

In a proceeding pursuant to Insurance Law article 74 to liquidate the assets of an insolvent insurer, the objectors Jeanice Dolan, Keith Vincent, and Daniel A. Malin, and their attorneys, nonparties Edward S. Stone, Roger P. Christiansen, and Karra J. Porter, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered January 29, 2013, as granted that branch of the petitioner's motion which was to hold nonparties Edward S. Stone, Roger P. Christiansen, and Karra J. Porter in civil contempt for violation of the anti-suit injunctive provisions set forth in three orders of the same court (Kutner, J., McGinity, J., and Galasso, J., respectively) dated April 23, 1991, December 16, 1992, and April 16, 2012, respectively.

Ordered that the appeal by the objectors Jeanice Dolan, Keith Vincent, and Daniel A. Malin is dismissed, as they are not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by nonparties Edward S. Stone, Roger P. Christiansen, and Karra J. Porter; and it is further,

Ordered that one bill of costs is awarded to the petitioner.

To prevail on a motion to punish for civil contempt, the movant must demonstrate that the alleged contemnor violated a clear and unequivocal court order, of which the alleged contemnor had knowledge, thereby prejudicing a right of a party to the litigation (see Judiciary Law § 753 [A] [3]; Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]; DeMaio v Capozello, 114 AD3d 899, 900 [2014]; Goldsmith v Goldsmith, 261 AD2d 576, 577 [1999]). "To satisfy the prejudice element, it is sufficient to allege and prove that the contemnor's actions were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Astrada v Archer, 71 AD3d 803, 806-807 [2010]; see Orange County-Poughkeepsie Ltd. Partnership v Bonte, 37 AD3d 684, 686 [2007]).

Here, the petitioner established that the nonparty appellants—attorneys for several objectors to the liquidation of Executive Life Insurance Company of New York (hereinafter Execu-

tive Life)—violated clear and unequivocal orders of the court, of which they had knowledge, by commencing a class action in the United States District Court for the Southern District of New York against the Superintendent of Financial Services of the State of New York, in his capacity as receiver for Executive Life. The commencement of the class action violated the anti-suit injunctive provisions set forth in three court orders entered in this rehabilitation proceeding commenced pursuant to Insurance Law article 74, that was later converted into a liquidation proceeding (*see Matter of Executive Life Ins. Co. of N.Y.,* 103 AD3d 631 [2013]). An order of the court must be obeyed until that order is set aside, either by appeal or otherwise, where, as here, the court that issued the order had jurisdiction to issue it (*see Astrada v Archer,* 71 AD3d at 807; *Busters Cleaning Corp. v Frati,* 203 AD2d 409, 409-410 [1994]; *see also Matter of Executive Life Ins. Co. of N.Y.,* 103 AD3d at 633-634). The petitioner also demonstrated that the commencement of the class action prejudiced its rights (*see Matter of Fishel v New York State Div. of Hous. & Community Renewal,* 172 AD2d 835 [1991]).

The nonparty appellants' remaining contentions are without merit (*see Princess Lida of Thurn & Taxis v Thompson,* 305 US 456, 466 [1939]; *compare Donovan v Dallas,* 377 US 408, 412 [1964]).

Accordingly, the Supreme Court properly granted that branch of the petitioner's motion which was to hold the nonparty appellants in civil contempt.

In light of our determination, we need not reach the petitioner's remaining contention. Mastro, J.P., Skelos, Roman and Maltese, JJ., concur. **[Prior Case History: 2013 NY Slip Op 30338(U).]**