Nedd v Nedd (2026 NY Slip Op 00786)

Nedd v Nedd

2026 NY Slip Op 00786

Decided on February 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-05995
2022-08876
 (Index No. 552993/20)

[*1]Marcus Nedd, plaintiff, 
vBernadette Nedd, defendant; Maryam Jahedi-Perez, etc., nonparty-appellant.

Maryam Jahedi-Perez Law Firm P.C., New York, NY, for nonparty-appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, nonparty Maryam Jahedi-Perez, former counsel for the defendant, appeals, by permission, from (1) an order of the Supreme Court, Kings County (Esther M. Morgenstern, J.), dated July 20, 2022, and (2) an order of the same court dated July 26, 2022. The order dated July 20, 2022, sua sponte, imposed a sanction pursuant to 22 NYCRR 130-1.1 against nonparty Maryam Jahedi-Perez. The order dated July 26, 2022, directed nonparty Maryam Jahedi-Perez to pay costs in the form of reimbursement of attorneys' fees in the sum of $1,375 to the plaintiff's counsel.
ORDERED that the orders are reversed, on the law, without costs or disbursements.
The parties in this action for a divorce and ancillary relief were scheduled to appear in court on July 20, 2022, for a continued trial. Two days prior to this scheduled court appearance, at the defendant's request, Maryam Jahedi-Perez (hereinafter the appellant), then counsel for the defendant, executed a consent to change attorney form. The fully executed consent to change attorney form, which was signed by the appellant, the defendant, and the defendant's new counsel, was filed on the New York State Courts Electronic Filing System on the same date that it was executed and was received by the plaintiff's counsel. On the date of the scheduled continued trial, in an order dated July 20, 2022, the Supreme Court, sua sponte, imposed a sanction pursuant to 22 NYCRR 130-1.1 against the appellant. Thereafter, in an order dated July 26, 2022, the court directed the appellant to pay costs in the form of reimbursement of attorneys' fees in the sum of $1,375 to the plaintiff's counsel for the July 20, 2022 court appearance. These appeals ensued.
The Supreme Court erred in imposing a sanction pursuant to 22 NYCRR 130-1.1 against the appellant and directing the appellant to pay costs in the form of reimbursement of attorneys' fees in the sum of $1,375 to the plaintiff's counsel for the July 20, 2022 court appearance. "A court does not have the authority to impose a penalty or sanction absent enabling legislation or court rule authorizing the penalty or sanction" (Matter of Fernandez v Nigro, 178 AD3d 703, 704). "The court, in its discretion, may award to any party or attorney in any civil action . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1[a]). Conduct is frivolous if it is "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" or it is "undertaken primarily to delay or prolong the [*2]resolution of the litigation, or to harass or maliciously injure another" (id. § 130-1.1[c][1], [2]; see Astrada v Archer, 71 AD3d 803, 807). The court may order the payment of such costs "upon the court's own initiative, after a reasonable opportunity to be heard" (22 NYCRR 130-1.1[d]; see U.S. Bank N.A. v Tait, 234 AD3d 889, 892).
Here, the record does not reflect that the appellant engaged in frivolous conduct. Contrary to the Supreme Court's determination, the appellant was not required to move by order to show cause to be relieved as counsel, as the appellant properly followed the requirements of CPLR 321(b)(1) in executing a consent to change attorney form (see Matter of Cassini, 182 AD3d 13, 40-41). Moreover, the court did not give the appellant a reasonable opportunity to be heard before directing the payment of costs (see Matter of Fernandez v Nigro, 178 AD3d at 705; Oppedisano v Oppedisano, 138 AD3d 1080, 1081).
In light of the foregoing, we need not reach the appellant's remaining contention.
CHAMBERS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court