■ DOLORES THOMAS-BURTON, Respondent, v WILLIAM THOMAS, Appellant.—In an action to enforce a stipulation, the defendant appeals from a judgment of the Supreme Court, Suffolk County (Friedenberg, J.), dated October 29, 1990, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $5,500.

Ordered that the judgment is affirmed, with costs.

On January 21, 1987, the parties entered into a stipulation on the record, which settled an action the plaintiff had brought against the defendant in November 1985 for partition of their former marital home in Stony Brook, where the plaintiff had continued to reside. The stipulation provided,

*inter alia,* that upon the eventual sale of the property in question, any broker's commission and mortgage money owed would be deducted "off the top" of the closing proceeds before the distribution of the net proceeds, that each party would pay his or her attorney's fees separately, and, of particular importance to the present appeal, that the plaintiff would be paid "the sum of $11,000 directly to her from the proceeds of the closing for reimbursement of expenses that she ha[d] provided for the [previous] six years regarding repairs and other necessary maintenance expenses". Subsequently, at the closing of title upon the sale of the property in August 1987, the defendant threatened not to endorse the buyer's check unless the plaintiff accepted only $5,500 from the proceeds. She reluctantly agreed, because as the defendant was aware, this money was needed to consummate the purchase of a new residence by the plaintiff. Shortly thereafter, the plaintiff commenced this action to recover the remaining $5,500 the defendant allegedly still owed her under the terms of the stipulation.

At trial, the plaintiff testified that she had expended $21,000 in maintenance and repair costs on the property since the parties' marriage was dissolved in 1980, and that she believed that the $11,000 figure the parties had agreed upon was entirely the defendant's obligation. In contrast, the defendant and the attorney who had represented him at the time the stipulation was made both testified that they had interpreted the stipulation as providing that the plaintiff would receive only $5,500 since the parties were to share the maintenance and repair costs that the plaintiff had incurred. Neither party, however, had objected to the language used by the plaintiff's attorney upon reading the stipulation into the record. The defendant's former attorney also testified that the parties had arrived at the stipulated figure in recognition of the enhanced resale value that the plaintiff's improvements had brought to the property. Subsequently, the Supreme Court found that under the specific language used in the stipulation and the facts and circumstances surrounding the parties' negotiations, the plaintiff was entitled to a judgment of $5,500 in full satisfaction of the stipulation. We agree.

It is well-settled that a stipulation between parties made in open court or before a Justice and read into the record, pursuant to CPLR 2104, " 'is a contract between the parties, and as such is governed by general principles for its interpretation and effect' " *(Kraker v Roll,* 100 AD2d 424, 436, quoting *Nisman v De Marco,* 76 AD2d 360, 366; *see, Mandia v King*

*Lbr. & Plywood Co.,* 179 AD2d 150). As in the interpretation of any contract, the role of this Court is to determine the intent and purpose of the stipulation *(Matter of O'Brien v Assessor of Town of Mamaroneck,* 20 NY2d 587, 594), which are generally gleaned from an examination of the record as a whole *(Kraker v Roll, supra).*

While the stipulation read into the record could possibly be interpreted two ways, an examination of that record as a whole indicates that the agreed-upon figure of $11,000 was the product of negotiations that reflected both the amount of money the plaintiff had previously expended, which far exceeded $11,000, and the enhanced sale value of the premises that had resulted from her expenditures. Accordingly, since the defendant's assessment of the stipulation would result in a consequence which "seems unusual in the circumstances of the case" *(Kraker v Roll, supra,* at 438; *see, Mandia v King Lbr. & Plywood Co., supra,* at 159), the trial court's award of $5,500 to the plaintiff was proper. Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.