■ PATRICIA A. PRIVIN, Respondent, v RALPH F. LANDOLFI, Appellant. [596 NYS2d 707] —In an action to nullify a purported deed to real property, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County

(Spodek, J.), dated February 26, 1991, which denied his application to be relieved from a stipulation settling the matter, and entered judgment in accordance with the terms of the stipulation.

Ordered that the order and judgment is affirmed, with costs.

It is well settled that stipulations of settlement are judicially favored, and may not be lightly set aside. This is particularly true in the case of "open court" stipulations pursuant to CPLR 2104, where "strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" *(Hallock v State of New York,* 64 NY2d 224, 230; *Matter of Gruntz,* 168 AD2d 558, 559). Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident, will a party be relieved from the consequences of a stipulation made during litigation *(Matter of Gruntz, supra; Hallock v State of New York, supra).*

The parties in the instant matter stipulated to settle and discontinue the action, in open court and with counsel present. Contrary to the appellant's argument, there is every indication that he understood the nature and consequences of the stipulation. Although he was somewhat contentious during the proceedings, he indicated several times that he understood the ramifications of the stipulation and that he consented to the proceedings. Neither his prestipulation doctor's note indicating that he was unable to withstand emotional stress due to a heart condition, nor his simple reference to the fact that he was 81 years old at the time of the stipulation, were sufficient to establish that he suffered from a mental infirmity.

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Eiber, Pizzuto and Santucci, JJ., concur.