■ BUSTERS CLEANING CORPORATION, Respondent-Appellant, v AUGUSTUS P. FRATI et al., Appellants-Respondents. [610 NYS2d 558] —In an action, *inter alia,* for a permanent injunction barring violation of a covenant not to compete and damages, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered February 26, 1992, which found them in contempt of a temporary restraining order dated April 11, 1989, restraining them from soliciting the plaintiff's business, and the plaintiff cross-appeals from so much of the judgment as failed to grant it damages and attorneys' fees.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The defendants argue, among other things, that since an order dated January 11, 1990, granting a preliminary injunc-tion in this matter was reversed by this Court *(Busters Clean-ing Corp. v Frati,* 180 AD2d 705), they cannot be held in contempt for violating the temporary restraining order, which prohibited essentially the same conduct. We disagree. The defendants here were found to be in contempt and in violation of the temporary restraining order before the order granting the preliminary injunction was reversed *(compare, People ex rel. Interborough R. T. Co. v Lavin,* 131 Misc 758; *Taber v Manhattan Ry. Co.,* 14 Misc 189, *affd* 148 NY 743). "If, on the papers presented, the court had authority to make [an] order * * * though it erred in making the order, the defendant was properly [found in contempt]" *(Bachman v Harrington,* 184 NY 458, 462). This is so because, unless a stay is in effect, an order of the court must be obeyed even if erroneously made,

so long as the court has jurisdiction and its order is not void on its face (see, Ketchum v Edwards, 153 NY 534, 538-539; People ex rel. Day v Bergen, 53 NY 404, 410).

We have examined the defendants' remaining contentions, and find them to be without merit. Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.