■ KATHLEEN C. WOLSTENCROFT, Respondent, v DORIS L. SASSOWER, Appellant. [623 NYS2d 7] —In an action to recover damages for attorney malpractice, the defendant appeals, (1) as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered February 11, 1992, as granted the plaintiff's motion to compel her compliance with a stipulation of settlement and imposed sanctions, and (2) from an order of the same court, entered May 4, 1992, which, after a hearing held her in contempt based on its finding that she had violated the order entered February 11, 1992.

Ordered that the order entered February 11, 1992, is affirmed insofar as appealed from; without costs or disbursements, and it is further,

Ordered that the order entered May 4, 1992, is affirmed, without costs or disbursements.

The plaintiff, a former client of the defendant, moved on two occasions for an order holding the defendant in civil contempt for refusing to comply with a stipulation entered into in open court which, *inter alia,* required the defendant to execute and tender general releases to the plaintiff and her counsel in settlement of an action to recover damages for attorney malpractice. The first motion, dated January 7, 1992, culminated in the court's order entered February 11, 1992, which failed to hold the defendant in civil contempt due to the technical absence of a judicial mandate, but which directed her to comply with the stipulation of settlement.

The second motion, dated March 16, 1992, was to hold the defendant in civil contempt for her continued failure to comply with the order entered February 11, 1992, and the court's oral directive of the same date that she execute and tender the releases. On May 4, 1992, after a hearing, the court granted the plaintiff's motion and held the defendant in civil contempt based on her violation of the February 11, 1992, order, and directed that she be remanded to the custody of the

Westchester County Department of Corrections until she purged the contempt by executing a general release in favor of the plaintiff and the plaintiff's counsel, and by paying a fine of $10,250 to the plaintiff's counsel.

Contrary to the defendant's contentions, the court had both subject matter and personal jurisdiction. Accordingly, the defendant was obligated, in the absence of a stay, to obey the court's order entered May 4, 1992, until it was vacated or reversed (see, Busters Cleaning Corp. v Frati, 203 AD2d 409; Garry v Garry, 121 Misc 2d 81, 86-87).

There is no basis for releasing the defendant from her obligations under the stipulation of settlement. It is well settled that stipulations of settlement are judicially favored, particularly in the case of stipulations entered into in open court pursuant to CPLR 2104, where "strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (Hallock v State of New York, 64 NY2d 224, 230; see also, Privin v Landolfi, 191 AD2d 485). As in the interpretation of any contract, the role of this Court is to determine the intent and purpose of the stipulation which are generally gleaned from an examination of the record as a whole (see, Thomas-Burton v Thomas, 188 AD2d 459). Only where there is a cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident, will a party be relieved from the consequences of a stipulation made during litigation (see, Privin v Landolfi, supra).

The parties in the instant matter stipulated to settle and discontinue the legal malpractice action in open court and with counsel present. Although the defendant was somewhat contentious during the proceedings, she voluntarily agreed to the essential terms of the stipulation and there is every indication that she understood the nature and consequences of the settlement. Although it was a technical violation of the stipulation for the defendant's insurance company to forward the plaintiff's share of the settlement proceeds directly to the plaintiff's counsel, instead of to the defendant's counsel to be distributed to the plaintiff's counsel, the violation was de minimis under the circumstances. The defendant's obligations under the stipulation were not conditioned upon the proper compliance with this procedure for distributing the settlement proceeds and, in any event, the defendant had no interest in that portion of the settlement.

Since the defendant has failed to identify any ground upon which Justice Colabella's impartiality might reasonably be

challenged, or how the denial of her oral application might have affected the outcome of the case, the court properly exercised its discretion in denying the application. Justice Colabella was not a party to the contempt proceedings or the underlying legal malpractice claim, had no prior contact with the parties as an attorney, and there was no showing that he was interested or related by consanguinity or affinity to any party to the controversy. Where, as here, no legal ground for disqualification was present (see, Judiciary Law § 14), it is up to the conscience and discretion of the court to determine whether it should recuse itself in a given case (see, *People v Moreno*, 70 NY2d 403; *People v Hoehne*, 203 AD2d 480; *Manhattan School of Music v Solow*, 175 AD2d 106).

The defendant's remaining contentions are without merit. Lawrence, J. P., Hart, Friedmann and Krausman, JJ., concur.