■ GLEN P. LICAUSIE, Respondent, v NORTH SHORE ORTHOPEDIC GROUP et al., Appellants, et al., Defendants. [648 NYS2d 1016] —In an action to recover damages for medical malpractice, the defendants North Shore Orthopedic Group and Howard Berkowitz appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated September 19, 1995, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and their separate motion to dismiss the complaint insofar as asserted against them based on the plaintiff's failure to comply with the terms of a stipulation to provide discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

In September 1989 the plaintiff was examined by the appellants for pain and numbness in his left foot. The appellants diagnosed the plaintiff as having tarsal tunnel syndrome and performed surgery on the plaintiff. Thereafter, the plaintiff

continued to experience pain in his foot, and his foot became discolored and cold. The appellants then referred the plaintiff to Dr. Barry Root. Dr. Root and the appellants believed that the plaintiff was suffering from reflex sympathetic dystrophy and performed four sympathetic blocks. Dr. Root also recommended that the plaintiff see a vascular specialist. In March 1991 the plaintiff was diagnosed as having severe vascular disease.

The plaintiff's medical affidavit was sufficient to raise triable issues of fact as to whether the appellants were negligent *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320).

Any noncompliance by the plaintiff with the terms of the stipulation to provide discovery was de minimis and does not warrant preclusion of evidence by the plaintiff *(see, Wolstencroft v Sassower,* 212 AD2d 598; *Thomas-Burton v Thomas,* 188 AD2d 459). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.