■ KATHLEEN C. WOLSTENCROFT, Respondent, v DORIS L. SASSOWER, Appellant. [651 NYS2d 609] —In an action to recover damages for legal malpractice, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Colabella, J.), dated April 4, 1995, which, *inter alia*, granted the plaintiff's motion to direct the County Clerk of the County of Westchester to release to the plaintiff's attorney an undertaking in the amount of $10,250 and two general releases signed and deposited by her in connection with this action, (2) an order of the same court dated April 10, 1995, which, *sua sponte*, amended the order dated April 4, 1995, by directing that the undertaking to be released by the County Clerk was to be turned over less any statutory fees or charges, and (3) an order of the same court dated July 18, 1995, which, *inter alia*, granted the branch of the plaintiff's cross motion which was to direct that the Westchester County Commissioner of Finance release to the plaintiff the remainder of the settlement moneys in the sum of $100,000, and denied her cross motion for release of the same moneys to the Ninth Judicial Committee.

Ordered that the appeal from the order dated April 4, 1995, is dismissed as that order was superseded by the order dated April 10, 1995; and it is further,

Ordered that the appeal from the order dated April 10, 1995, is dismissed as untimely taken (*see*, CPLR 5513); and it is further,

Ordered that the order dated July 18, 1995, is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The defendant voluntarily agreed to a stipulation settling this matter, pursuant to which she was required to execute general releases and tender them to the plaintiff and her counsel. She was found to be in contempt of court for her refusal to execute the releases, and was sanctioned in the amount of $10,250. Pending the outcome of her appeal from the order of contempt, the defendant deposited the executed releases and an undertaking in the amount of $10,250 with the county clerk of the County of Westchester. The finding of contempt and the sanction imposed were affirmed by this Court (*see, Wolstencroft v Sassower*, 212 AD2d 598), and the plaintiff moved to obtain the releases and the sanctions. The defendant then erected more roadblocks to prevent enforcement of the stipulation. She cross-moved, *inter alia*, to amend the releases, and for recusal and change of venue, raising issues that either had already been resolved against her, or which she had no standing to raise, or were completely without merit. Moreover, despite the defendant's refusal to comply with the terms of the stipulation, she sought to enforce it against the plaintiff to the extent of requiring the plaintiff to pay $100,000 to an entity known as the Ninth Judicial Committee. The plaintiff had agreed in the stipulation to make such a gift based upon the defendant's representations of the work of that entity, but distribution of the money, held by the Westchester Commissioner of Finance for that purpose, was stayed on the ground that the Ninth Judicial Committee was merely the alter ego of the defendant, and the money was not intended to go to her. The plaintiff cross-moved for an order directing that the $100,000 be returned to her. By the order dated July 18, 1995, the court granted that cross motion and denied the defendant's cross motion. The defendant appeals and we affirm.

The Supreme Court properly directed that the $100,000 be paid to the plaintiff. In her affidavit dated April 3, 1995, the plaintiff averred that she never agreed to make a gift to the defendant, and the record supports the Supreme Court's determination that the Ninth Judicial Committee is an alter ego of the defendant. Moreover, the defendant herself characterized the $100,000 payment as "a form of bribe".

We have considered the defendant's remaining contentions and find them to be without merit. Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.