■ CHIOMENTI STUDIO LEGALE, L.L.C., Appellant-Respondent, v PRODOS CAPITAL MANAGEMENT LLC et al., Respondents-Appellants. [33 NYS3d 714]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered March 9, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's veil-piercing cause of action, and denied plaintiff's cross motion for summary judgment on that cause of action, unanimously affirmed, without costs.

The motion court correctly noted that "New York does not recognize a separate cause of action to pierce the corporate veil" (*Fiber Consultants, Inc. v Fiber Optek Interconnect Corp.*, 15 AD3d 528, 529 [2d Dept 2005], *lv dismissed* 4 NY3d 882 [2005]; *see also Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). Further, the motion court correctly dismissed the veil-piercing allegations, because there is insufficient evidence to justify piercing the corporate veil to hold the individual defendant liable for the corporate defendant's obligations. The evidence does not show that the individual defendant dominated or controlled the corporate defendant by undercapitalizing it, intermingling funds, disregarding the corporate form, or otherwise (*Matter of Morris*, 82 NY2d at 141; *Tap Holdings, LLC v Orix Fin. Corp.*, 109 AD3d 167, 174 [1st Dept 2013]). Neither did plaintiff establish the existence of a fraud or wrong against it (*id.*). The corporate defendant's alleged failure to pay legal fees owed under the parties' agreement does not constitute a fraud or wrong sufficient to pierce the corporate veil (*Bonacasa Realty Co., LLC v Salvatore*, 109 AD3d 946, 947 [2d Dept 2013]). Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.