■ OLIVIERI CONSTRUCTION CORP., Respondent, v WN WEAVER STREET, LLC, et al., Appellants. [41 NYS3d 59]—

In an action to enforce a money judgment, the defendants appeal from an order of the Supreme Court, Westchester County (DiBella, J.), dated April 6, 2015, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The Greens at Cherry Lawn (hereinafter the Greens) is a residential community in New Rochelle which contemplated the construction of 26 luxury homes. The defendant WN Weaver Street, LLC (hereinafter Weaver), is the developer of the Greens, and Andrea Lane Associates Corp. (hereinafter Andrea) is the general contractor of the Greens. The defendant Ted Weinberg is a member of Weaver and a shareholder of Andrea. The plaintiff, Olivieri Construction Corp., was a subcontractor that worked at the Greens.

In 2011, the plaintiff commenced an action against Andrea alleging breach of contract. After a nonjury trial, a judgment was entered in favor of the plaintiff and against Andrea in the total sum of $171,955.60. In July 2014, the plaintiff commenced this action against Weaver and Weinberg (hereinafter together the defendants) to enforce the money judgment. The complaint alleged that Weinberg abused the privilege of doing business in the corporate form and sought to pierce Andrea's corporate veil to hold Weinberg liable for Andrea's debts, and alleged that Weaver was liable for Andrea's debts under a theory of alter

ego. The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint. In the order appealed from, the Supreme Court denied the motion.

Initially, we note that the defendants' contention that New York does not recognize a separate cause of action to pierce the corporate veil (*see Chiomenti Studio Legale, L.L.C. v Prodos Capital Mgt. LLC*, 140 AD3d 635, 636 [2016]; *Fiber Consultants, Inc. v Fiber Optek Interconnect Corp.*, 15 AD3d 528, 529 [2005]; *see also Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]) is improperly raised for the first time on appeal. However, we may reach the issue since it involves a question of law which appears on the face of the record and which could not have been avoided if raised at the proper juncture (*see Franklin v Hafftka*, 140 AD3d 922, 924 [2016]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 751 [2014]).

Contrary to the defendants' contention, the plaintiff does not assert piercing the corporate veil or alter ego as separate causes of action independent of its claim against Andrea, the corporation whose veil the plaintiff seeks to pierce. The complaint alleges that the plaintiff was awarded a judgment against Andrea, that the judgment remains unsatisfied, and that the plaintiff seeks to pierce Andrea's corporate veil to hold the defendants liable for Andrea's judgment debt (*see Matter of Agai v Diontech Consulting, Inc.*, 138 AD3d 736 [2016]; *Matter of Goldman v Chapman*, 44 AD3d 938 [2007]). The fact that the plaintiff commenced an action, instead of a CPLR article 52 proceeding, does not require dismissal of the action (*see* CPLR 103).

" 'On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences' " (*Hampshire Props. v BTA Bldg. & Developing, Inc.*, 122 AD3d 573, 573 [2014], quoting *Carillo v Stony Brook Univ.*, 119 AD3d 508, 508-509 [2014]).

To survive a motion to dismiss the complaint, a party seeking to pierce the corporate veil must allege facts that, if proved, establish that the party against whom the doctrine is asserted (1) exercised complete domination over the corporation with respect to the transaction at issue, and (2) through such domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff such that a court in equity will intervene (*see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 16

NY3d 775, 776 [2011]; *Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d at 141-142; *see also Matter of Agai v Diontech Consulting, Inc.*, 138 AD3d at 737; *Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC*, 136 AD3d 680, 683 [2016]; *Grammas v Lockwood Assoc., LLC*, 95 AD3d 1073, 1075 [2012]). "Factors to be considered in determining whether an individual has abused the privilege of doing business in the corporate or LLC form include the failure to adhere to [corporate or] LLC formalities, inadequate capitalization, commingling of assets, and the personal use of [corporate or] LLC funds" (*Grammas v Lockwood Assoc., LLC*, 95 AD3d at 1075; *see Board of Mgrs. of Beacon Tower Condominium v 85 Adams St., LLC*, 136 AD3d at 683; *Matter of Queens W. Dev. Corp. [Nixbot Realty Assoc.]*, 121 AD3d 903, 906 [2014]).

"Additionally, the corporate veil will be pierced to achieve equity, even absent fraud, when a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego" (*Williams v Lovell Safety Mgt. Co., LLC*, 71 AD3d 671, 672 [2010] [brackets and internal quotation marks omitted]; *see DeMartino v 3858, Inc.*, 114 AD3d 634, 636 [2014]; *Campone v Pisciotta Servs., Inc.*, 87 AD3d 1104, 1105 [2011]). A cause of action under the doctrine of piercing the corporate veil is "not required to meet any heightened level of particularity in its allegations (*cf.* CPLR 3016)" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122, 125 [2009], *affd* 16 NY3d 775 [2011]).

Here, the plaintiff adequately pleaded allegations that Weinberg dominated Andrea, and that he engaged in acts amounting to an abuse of the corporate form to perpetrate a wrong or injustice against the plaintiff. In this regard, the plaintiff alleged that Andrea was inadequately capitalized, that Weinberg commingled the assets of Andrea with the assets of Weaver, that Weinberg failed to adhere to corporate formalities with respect to Andrea, that Weinberg kept assets out of Andrea to avoid paying its debts and the judgment to the plaintiff, and that Weinberg used the account of Weaver to partially pay the debts of Andrea to the plaintiff. The plaintiff also sufficiently pleaded allegations that Weaver was the alter ego of Andrea.

Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.