Avery v WJM Dev. Corp. (2021 NY Slip Op 04961)





Avery v WJM Dev. Corp.


2021 NY Slip Op 04961


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2016-07968
 (Index No. 61219/15)

[*1]Linda Avery, et al., appellants, 
v
WJM Development Corp., et al., defendants, Tom F. Abillama, etc., et al., respondents.
 


Finazzo Cossolini O'Leary Meola & Hager, LLC, New York, NY (Jonathan M. Zagha of counsel), for respondent Charter Oak Fire Insurance Company, sued herein as Travelers Insurance Co.
Linda Avery and Kyle Avery, Mount Vernon, NY, appellants pro se.
Adam Seiden, Mount Vernon, NY, for respondent Tom F. Abillama.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, negligence, breach of fiduciary duty, and intentional infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated June 23, 2016. The order, insofar as appealed from, granted the motion of the defendant Charter Oak Fire Insurance Company, sued herein as Travelers Insurance Co., pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it and granted the motion of the defendant Tom F. Abillama pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
On February 21, 2009, a home owned by the plaintiff Linda Avery (hereinafter Linda) in Mount Vernon (hereinafter the property) was damaged by fire. At the time of the fire, the property was covered by a homeowners insurance policy issued by the defendant Charter Oak Fire Insurance Company, sued herein as Travelers Insurance Co. (hereinafter Charter Oak). In July 2009, Linda hired the defendant Tom F. Abillama, an architect, to prepare and submit building plans for the restoration of the property.
In June 2015, Linda and her son, the plaintiff Kyle Avery (hereinafter Kyle), who also lived at the property, commenced this action against, among others, Charter Oak and Abillama, inter alia, to recover damages for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, negligence, breach of fiduciary duty, and intentional infliction of emotional distress. The plaintiffs alleged, among other things, that Charter Oak breached the homeowners insurance policy and the implied covenant of good faith and fair dealing by issuing certain payments for repairs which were not performed adequately, and then notifying Linda that it would not renew her homeowners insurance policy in April 2012 due to "excessive claims based on the fire loss." With regard to Abillama, the plaintiffs alleged that Abillama recommended the defendant Lucien Martin [*2]and his company, the defendant WJM Development Corp. (hereinafter WJM), to perform repairs on the property, and misrepresented that Martin and WJM were properly insured and that Abillama was in possession of a work permit. The plaintiffs alleged that Linda discovered Abillama did not have a work permit due to Martin and WJM being uninsured after the City of Mount Vernon Buildings Department issued a stop work order. Consequently, the plaintiffs alleged that they were entitled to recover damages from Abillama for fraud, negligence, and breach of fiduciary duty. Further, the plaintiffs alleged that Kyle was entitled to recover damages for intentional or negligent infliction of emotional distress based upon Kyle being deprived of "having a home" to live in until the repairs were made.
Thereafter, Charter Oak and Abillama separately moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the amended complaint insofar as asserted against each of them. In an order dated June 23, 2016, the Supreme Court, inter alia, (1) granted Charter Oak's motion to dismiss the amended complaint insofar as asserted against it on the ground that the claims asserted against it were time-barred (see id. § 3211[a][5]); and (2) granted Abillama's motion to dismiss the amended complaint insofar as asserted against him as time-barred and for failure to state a cause of action (see id. § 3211[a][5], [7]). The plaintiffs appeal.
Contrary to the plaintiffs' contention, the Supreme Court properly granted Charter Oak's motion to dismiss the amended complaint insofar as asserted against it as time-barred. "On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030 [internal quotation marks omitted]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (id. at 1030 [internal quotation marks omitted]). Here, Charter Oak established, prima facie, that the time to assert claims against it expired based upon a provision in the policy providing that the action must be commenced "within two years after the occurrence causing loss or damage" (see Piliaskas v Mountain Val. Indem. Co., 174 AD3d 757, 758). In opposition, the plaintiffs failed to raise a question of fact (see D'Angelo v Allstate Ins. Co., 126 AD3d 931, 932). Contrary to the plaintiffs' contention, the time limitation provision to commence an action in the policy is valid and enforceable (see id. at 931). Accordingly, the court properly granted Charter Oak's motion to dismiss the amended complaint insofar as asserted against it as time-barred.
Furthermore, the Supreme Court properly granted that branch of Abillama's motion which was to dismiss the cause of action to recover damages for negligence insofar as asserted against him as time-barred. The cause of action alleging negligence is governed by a three-year statute of limitations (see CPLR 214[4]). Since the acts complained of allegedly took place, at the latest, in April 2012, and the instant action was not commenced until June 2015, the cause of action to recover damages for negligence insofar as asserted against Abillama is time-barred.
Contrary to the Supreme Court's determination, Abillama was not entitled to dismissal of the cause of action alleging fraud insofar as asserted against him as time-barred. A cause of action alleging fraud must be commenced within "the greater of six years from the date the cause of action accrued or two years from the time the plaintiff . . . could with reasonable diligence have discovered it" (see id. § 213[8]; see Beizer v Hirsch, 116 AD3d 725, 725). Here, the alleged fraud occurred in 2011 and 2012, and the action was commenced in June 2015. Thus, the cause of action alleging fraud insofar as asserted against Abillama was timely commenced.
Nevertheless, Abillama was entitled to dismissal of the cause of action alleging fraud insofar as asserted against him for failure to state a cause of action. In assessing a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88). "[A]n essential element of any fraud [claim] is that there must be reasonable reliance, to a party's detriment, upon the representations made by the defendant against whom the fraud claimed [*3]has been asserted" (Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1044 [internal quotation marks omitted]). "A party cannot claim reliance on a misrepresentation when he or she could have discovered the truth with due diligence" (KNK Enters., Inc. v Harriman Enters., Inc., 33 AD3d 872, 872). Here, affording the complaint a liberal construction, and accepting the facts alleged therein as true, the plaintiffs failed to allege reasonable reliance upon Abillama's alleged misrepresentations, which pertained to facts the plaintiffs could have verified with due diligence. Accordingly, the Supreme Court properly granted that branch of Abillama's motion which was to dismiss the cause of action alleging fraud insofar as asserted against him.
The Supreme Court also properly granted that branch of Abillama's motion which was to dismiss the cause of action alleging breach of fiduciary duty asserted against him. To establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages which were directly caused by the defendant's misconduct (see McSpedon v Levine, 158 AD3d 618, 621). A fiduciary relationship arises when one is "under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" (Oddo Asset Mgt. v Barclays Bank PLC, 19 NY3d 584, 592-593 [internal quotation marks omitted]). "Such a relationship . . . is grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19). Here, affording the complaint a liberal construction, accepting the facts alleged therein to be true, and granting the plaintiffs the benefit of every possible favorable inference, the plaintiffs failed to adequately plead the existence of a fiduciary relationship between themselves and Abillama (see Saul v Cahan, 153 AD3d 947, 949; Faith Assembly v Titledge of N.Y. Abstract, LLC, 106 AD3d 47, 62).
The plaintiffs' remaining contentions are either not properly before this Court or without merit.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court