Rosenshein v Kushner (2023 NY Slip Op 00225)

Rosenshein v Kushner

2023 NY Slip Op 00225

Decided on January 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2020-03642
 (Index No. 1715/17)

[*1]Arnold Rosenshein, etc., et al., respondents,
v
David Kushner, et al., defendants, Jeffrey Meshel, et al., appellants.

Winslett Studnicky McCormick & Bomser LLP, New York, NY (Usher Winslett of counsel), for appellant Jeffrey Meshel.
Mantel McDonough Riso, LLP, New York, NY (Gerald A. Riso of counsel), for appellant Wayne Sturman.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for breach of contract, the defendants Jeffrey Meshel and Wayne Sturman separately appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated January 31, 2020. The order, insofar as appealed from, denied those branches of those defendants' separate motions which were pursuant to CPLR 3211(a) (5) and (7) to dismiss the first, second, and eighth causes of action insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
As relevant to this appeal, the Supreme Court, inter alia, denied those branches of the separate motions of the defendants Jeffrey Meshel and Wayne Sturman (hereinafter together the defendants) which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the first cause of action (breach of contract), the second cause of action (breach of fiduciary duty), and the eighth cause of action (accounting and preservation) insofar as asserted against each of them.
On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences (see Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 766; Stortini v Pollis, 138 AD3d 977, 978).
To survive a motion to dismiss the complaint, a party seeking to pierce the corporate veil must allege facts that, if proved, establish that the party against whom the doctrine is asserted (1) exercised complete domination over the corporation with respect to the transaction at issue, and (2) through such domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff such that a court in equity will intervene (see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776; Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141; Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d at 766). "Factors to be considered in determining whether an individual has abused the privilege of doing business in the corporate or LLC form include the failure to adhere to [corporate or] LLC formalities, inadequate [*2]capitalization, commingling of assets, and the personal use of [corporate or] LLC funds" (Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1075; see Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d at 766). "Additionally, the corporate veil will be pierced to achieve equity, even absent fraud, when a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego" (Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d at 767 [internal quotation marks omitted]).
Here, the plaintiffs adequately pleaded allegations that the defendants dominated related entity defendants Mercury Credit Corp., Paradigm CF Corp., Paradigm Credit Corp., and/or Paradigm Capital Funding, LLC, and that the defendants engaged in acts amounting to an abuse of the corporate form to perpetrate a wrong or injustice against the plaintiffs. In this regard, the plaintiffs alleged that the defendants commingled the assets of these four corporate defendants with their own personal assets, that they failed to adhere to corporate formalities with respect to the corporate defendants, and that they diverted assets out of the corporate defendants for their own personal use. The plaintiffs also sufficiently pleaded allegations that one or more of the corporate defendants were an alter ego of the defendants.
Contrary to the defendants' contention, under the circumstances present here, the Supreme Court properly applied a six-year statute of limitations to the cause of action alleging breach of fiduciary duty (see Roumi v Guardian Life Ins. Co. of Am., 191 AD3d 911; Carbon Capital Mgt., LLC v American Express Co., 88 AD3d 933, 939; Scott v Fields, 85 AD3d 756, 759; Pike v New York Life Ins. Co., 72 AD3d 1043, 1047).
Accordingly, the Supreme Court properly denied those branches of the defendants' separate motions which were pursuant to CPLR 3211(a)(5) and (7) to dismiss the first, second, and eighth causes of action insofar as asserted against each of them.
DILLON, J.P., BRATHWAITE NELSON, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court