Archival, Inc. v 177 Realty Corp. (2023 NY Slip Op 05386)

Archival, Inc. v 177 Realty Corp.

2023 NY Slip Op 05386

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-07973
 (Index No. 505938/21)

[*1]Archival, Inc., respondent,
v
177 Realty Corp., et al., appellants.

Menicucci Villa Cilmi, PLLC, Staten Island, NY (Geoffrey Bowser of counsel), appellant pro se and for appellants 177 Realty Corp., Mohammed Elayyan, Mohammed Tina, Tina Mohammed, Fouad Munzer Elayyan, and Michael Menicucci.
Law Office of Gregory P. Mouton, Jr., LLC, New York, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 5, 2021. The order, insofar as appealed from, denied that branch of the motion of the defendants Mohammed Elayyan, Mohammed Tina, Tina Mohammed, Fouad Munzer Elayyan, and Michael Menicucci which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the defendants Mohammed Elayyan, Mohammed Tina, Tina Mohammed, and Fouad Munzer Elayyan.
ORDERED that the appeal by the defendants 177 Realty Corp. and Menicucci Villa Cilmi, PLLC, is dismissed, as those defendants are not aggrieved by the portion of the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendants Mohammed Elayyan, Mohammed Tina, Tina Mohammed, Fouad Munzer Elayyan, and Michael Menicucci; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, payable by the defendants Mohammed Elayyan, Mohammed Tina, Tina Mohammed, Fouad Munzer Elayyan, and Michael Menicucci.
On January 13, 2015, the plaintiff, Archival, Inc., entered into a contract of sale with the defendant 177 Realty Corp. to purchase real property located in Brooklyn. On March 12, 2021, the plaintiff commenced the instant action against the defendant 177 Realty Corp., as well as its members, owners, and/or shareholders, Mohammad Elayyan, Mohammed Tina, Tina Mohammed, and Fouad Munzer Elayyan (hereinafter collectively the 177 Realty Owners), the defendant Menicucci Villa Cilmi, PLLC, and the defendant Michael Menicucci, to recover damages for, inter alia, breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, and fraudulent inducement. The 177 Realty Owners and Menicucci moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them. Thereafter, the plaintiff [*2]filed an amended complaint as of right alleging, among other things, that the 177 Realty Owners abused the privilege of doing business in the corporate form and sought to hold the 177 Realty Owners personally liable for the wrongdoing of the corporation under the doctrine of piercing the corporate veil. In an order dated October 5, 2021, the Supreme Court, inter alia, denied that branch of the motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the 177 Realty Owners. This appeal ensued.
"On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the complaint must be construed liberally, the factual allegations deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences" (Rosenshein v Kushner, 212 AD3d 744, 744; see Leon v Martinez, 84 NY2d 83, 88).
"To survive a motion to dismiss the complaint, a party seeking to pierce the corporate veil must allege facts that, if proved, establish that the party against whom the doctrine is asserted (1) exercised complete domination over the corporation with respect to the transaction at issue, and (2) through such domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff such that a court in equity will intervene" (Rosenshein v Kushner, 212 AD3d at 744-745; see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776). "Factors to be considered in determining whether an individual has abused the privilege of doing business in the corporate or LLC form include the failure to adhere to [corporate or] LLC formalities, inadequate capitalization, commingling of assets, and the personal use of [corporate or] LLC funds" (Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1075; see Rosenshein v Kushner, 212 AD3d at 745).
Here, the plaintiff adequately pleaded allegations that the 177 Realty Owners dominated 177 Realty Corp. and that the 177 Realty Owners engaged in acts amounting to an abuse of the corporate form to perpetrate a wrong or injustice against the plaintiff (see Rosenshein v Kushner, 212 AD3d at 745; Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 767; Grammas v Lockwood Assoc., LLC, 95 AD3d at 1075). In this regard, the plaintiff alleged that the 177 Realty Owners commingled the assets of the corporation with their own personal assets and failed to adhere to corporate formalities. In addition, the plaintiff alleged that the 177 Realty Owners never adequately capitalized the corporation. Further, the plaintiff alleged that following the sale of the subject property, the 177 Realty Owners withdrew all the proceeds from the sale and disbursed those proceeds to themselves, leaving the corporation assetless and insolvent. According to the plaintiff, the 177 Realty Owners pilfered the assets and funds belonging to the corporation, rendering the corporation, in effect, judgment proof.
Accordingly, the Supreme Court properly denied that branch of the motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against the 177 Realty Owners.
BARROS, J.P., CHRISTOPHER, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court