| Smith v Dilorenzo |
|---|
| 2024 NY Slip Op 30843(U) |
| March 14, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 507146/2020 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
--------------------------------------------x
THOMAS SMITH, individually, and derivatively
on behalf of A. AUTOMATIC SPRINKLER          Decision and order
INSTALLATIONS, INC.,
                              Plaintiffs,    Index No. 507146/2020

              -against-
HELEN DILORENZO,                             March 14, 2024
                              Defendant,
--------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN                Motion Seq. #5 & #6


     The plaintiff has moved seeking to amend the complaint

pursuant to CPLR §3025. the plaintiff also moves for sanctions

against the defendant. The defendant opposes both motions.

Papers were submitted by the parties and arguments held. After

reviewing all the arguments this court now makes the following

determination.

     According to the complaint, the defendant company A.

Automatic Sprinkler Installations Inc., was incorporated by the

plaintiff Thomas Smith and the defendant Helen Dilorenzo in 2008.

The company was engaged in fire suppressing contracting and a

majority shareholder of any such company must possess a fire

suppressing contractors license. Although at the time of

incorporation the defendant did not possess such license she

ultimately secured one in 2018. The complaint alleges that since

that time the defendant has essentially excluded the plaintiff

from the books and records of the company and has diverted assets

and profits. The complaint asserts causes of action for the

breach of fiduciary duty, conversion, faithless servant, a

declaratory judgement, unjust enrichment, constructive and actual fraudulent transfers and tortious interference with business operations. The plaintiff now seeks to amend the complaint and add individuals the plaintiff alleges have assisted the defendant in committing all of the above causes of action. Specifically, the plaintiff seeks to add Ray Duffy, Sr., Ray Duffy, Jr., Kareen Duffy and Vanessa Dilorenzo. Further, the plaintiff seeks to add 1358 Utica LLC. This is the entity that purchased the property of the corporation and this corporation is equally owned by the plaintiff and defendant. The plaintiff seeks to add this entity and then dissolve it and sell the property. As noted, the motion is opposed.

### Conclusions of Law

It is well settled that a request to amend a pleading shall be freely given unless the proposed amendment would unfairly prejudice or surprise the opposing party, or is palpably insufficient or patently devoid of merit (Adduci v. 1829 Park Place LLC, 176 AD3d 658, 107 NYS3d 690 [2d Dept., 2019]). The decision whether to grant such leave is within the court's sound discretion and such determination will not lightly be set aside (Ravnikar v. Skyline Credit-Ride Inc., 79 AD3d 1118, 913 NYS2d 339 [2d Dept., 2010]). Therefore, when exercising that discretion the court should consider whether the party seeking

2

[* 2]

the amendment was aware of the facts upon which the request is based and whether a reasonable excuse for any delay has been presented and whether any prejudice will result (<u>Cohen v. Ho</u>, 38 AD3d 705, 833 NYS2d 542 [2d Dept., 2007]).

The proposed amended complaint only substantively mentions the proposed defendants by name one time. The proposed amended complaint alleges that "acting at the behest and direction of DiLorenzo each of Duffy, Sr., Duffy, Jr., K. Duffy and V. DiLorenzo (together, the "Additional Defendants"), assisted DiLorenzo in preventing Smith from inspecting A. Automatic's books and records" (<u>see</u>, Amended Complaint, ¶64 [NYSCEF Doc. No. 91]). However, that allegation is so vague and devoid of any information that it can hardly sustain any scrutiny that it has any merit. It does not describe, with a minimum of explanation, what these defendants, all relatives of defendant Dilorenzo, did to assist the defendant in committing the alleged improper acts. They do not describe any tortious conduct at all.

Turning to the specific causes of action applicable to the proposed additional defendants, the faithless servant doctrine was first coined in <u>Herman v. Branch Motor Express Co.</u>, 67 Misc2d 444, 323 NYS2d 794 [Civil Court of the City of New York, 1971] where the court stated "a servant who is faithless to his master on Tuesday thereby forfeits the wages he earned on Monday" (id). The doctrine states that an agent who owes a duty of fidelity to

3

[* 3]

a principal and is faithless in that duty thereby forfeits compensation due (see, Phansalkar v. Anderson Weinroth & Company L.P., 344 F3d 184 [2d Cir. 2003]). Further, pursuant to the doctrine the employer is entitled to a return of any compensation paid to an employee during the period of her disloyalty (CARCO GROUP, Inc., v. Maconachy, 718 F3d 72 [2d Cir. 2013], see, also, Torres v. Gristede's Operating Corp., 628 F.Supp2d 447 [S.D.N.Y. 2008]). The proposed amended complaint alleges that "each additional defendant was a faithless servant for failing to abide by the decisions of corporate ownership" and by acting to benefit themselves at the expense of the corporation (see, Amended Complaint, ¶¶123-127 [NYSCEF Doc. No. 91]). Those paragraphs do not describe any conduct at all that could give rise to any claim they were faithless servants. The allegations are wholly conclusory, accusing them of acted faithlessly, without explaining any of their conduct wherein an examination of their faithlessness could be scrutinized. The proposed amended complaint does allege that the defendant and the proposed additional defendants opened another entity called Empire State Fire Sprinkler Corp., [hereinafter 'Empire'], however, the proposed amended complaint fails to connect any faithless conduct to Empire's benefit. Moreover, there is no evidence establishing that the proposed defendants were working for Empire while still employed by the A. Automatic. Indeed, any such evidence tends to

4

[* 4]

show the opposite, namely that the proposed defendants began working for Empire only after A. Automatic ceased operations. (see, Affidavit of Helen Dilorenzo, ¶24 [NYSCEF Doc. No. 101]).

Turning to the proposed cause of action of aiding and abetting the breach of a fiduciary duty, a party seeking to allege this cause of action must demonstrate a fiduciary duty was owed, there was a breach of that duty and the party contributed substantial assistance in effecting the breach (see, Yuko Ito v. Suzuki, 57 AD3d 205, 869 NYS2d 28 [1st Dept., 2008]). In Baron v. Galasso, 83 AD3d 626, 921 NYS2d 100 [2d Dept., 2011] the sustainability of the cause of action was defined as whether the other party knowingly induced or participated in the breach.

Again, the proposed amended complaint fails to allege any conduct the additional defendants engaged in to aid the defendant Dilorenzo's breach. As noted, conclusory allegations are insufficient to allege any such tortious conduct.

The fifth cause of action alleges a declaratory judgement that the defendant "DiLorenzo failed to observe important corporate formalities and commingled the assets, operations, activities, and management of each of A. Automatic and Empire such that A. Automatic and Empire have no distinct corporate existence separate from the other entity" (see, Amended Complaint, ¶136 [NYSCEF Doc. No. 91]). However, that would require A. Automatic to pierce its own corporate veil to assert

5

[*5]

that Dilorenzo, and by extension Empire, are all one intermingled entity. Notwithstanding the legal infirmities of such an expedient, there are insufficient allegations in the proposed amended complaint to establish the necessary elements. "A plaintiff must do more than merely allege that [defendant] engaged in improper acts or acted in 'bad faith' while representing the corporation" (East Hampton Union Free School District v. Sandpebble Builders Inc., 16 NY3d 775, 919 NYS2d 496 [2011]). Rather, the plaintiff must allege facts demonstrating such dominion over the corporation and that "through such domination, abused the privilege of doing business in the corporate form to perpetuate a wrong or injustice against the plaintiff such that a court in equity will intervene" (Oliveri Construction Corp., v. WN weaver Street LLC, 144 AD3d 765, 41 NYS3d 59 [2d Dept., 2016]). "Factors to be considered in determining whether an individual has abused the privilege of doing business in the corporate or LLC form include the failure to adhere to [corporate or] LLC formalities, inadequate capitalization, commingling of assets, and the personal use of [corporate or] LLC funds" (see, Grammas v. Lockwood Associates LLC, 95 AD3d 1073, 944 NYS2d 623 [2d Dept., 2012]). Thus, mere conclusory statements that the individual dominated the corporation are insufficient to defeat a motion to dismiss (AHA Sales Inc., v. Creative Bath Products Inc., 58 AD3d 6, 867 NYS2d

6

169 [2d Dept., 2008]).

The proposed causes of action seeking unjust enrichment and actual and constructive fraudulent transfers are duplicative of the other causes of action, namely breach of fiduciary duty, conversion and faithless servant applied to defendant Helen DiLorenzo.

The last new cause of action alleges tortious interference with contracts. The elements of a cause of action alleging tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party, (2) the defendant's knowledge of that contract, (3) the defendant's intentional procurement of a third-party's breach of that contract without justification, and (4) damages (Anethsia Associates of Mount Kisco, LLP v. Northern Westchester Hospital Center, 59 AD3d 473, 873 NYS2d 679 [2d Dept., 2009]). Further, the plaintiff must specifically allege that 'but for' the defendant's conduct there would have been no breach of the contract (White Knight of Flatbush, LLC v. Deacons of Dutch Congregations of Flatbush, 159 AD3d 939, 72 NYS3d 551 [2d Dept., 2018]). The proposed amended complaint does not allege any breach of any contracts at all.

Therefore, based on the foregoing, the motion seeking to amend the complaint as noted above is denied in its entirety.

Without opposition, the motion seeking to add a claim for

7

[* 7]

dissolution of 1358 Utica LLC is granted.

The plaintiff's further move seeking sanctions or contempt against the defendant for her failure to comply with an order dated June 12, 2020. It is well settled that where a court has jurisdiction an order of the court must be obeyed (Woistencraft v. Sassower, 212 AD2d 598, 623 NYS2d 7 [2d Dept., 1995]). Thus, "a party is obligated to comply with a court order, however, incorrect the party may consider that order to be, until that order is set aside, either by appeal or otherwise, so long as the court issuing the order had jurisdiction to do so" (Gloveman Realty Corp., v. Jeffreys, 29 AD3d 858, 815 NYS2d 687 [2d Dept., 2006]). The factual discrepancies in this case do not support any finding any court order was violated. Indeed, every allegation the order was violated is disputed with evidence presented by the defendant that no such violation of the order occurred. At this juncture the court cannot conclude the defendant irrefutably violated the court order. Therefore, the motion seeking any sanction or contempt is denied.

So ordered.

ENTER:

DATED: March 14, 2024
Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

8