Goldberg v KOSL Bldg. Group, LLC (2025 NY Slip Op 01790)

Goldberg v KOSL Bldg. Group, LLC

2025 NY Slip Op 01790

Decided on March 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-01789
 (Index No. 61968/22)

[*1]Michael Goldberg, et al., appellants,
v
KOSL Building Group, LLC, et al., respondents, et al., defendants.

McCue Sussmane Zapfel & Cohen, P.C., New York, NY (Scott L. Swanson of counsel), for appellants.
Harfenist Kraut & Perlstein, LLP, Purchase, NY (Jonathan D. Kraut and Leo Napior of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Damaris E. Torrent, J.), dated December 28, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendants KOSL Building Group, LLC, Cooper Lots, LLC, and Bobby Ben-Simon which were pursuant to CPLR 3211(a) to dismiss the second, third, and fifth causes of action of the amended complaint insofar as asserted against them and so much of the amended complaint as sought to pierce the corporate veil.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants KOSL Building Group, LLC, Cooper Lots, LLC, and Bobby Ben-Simon which was pursuant to CPLR 3211(a) to dismiss so much of the amended complaint as sought to pierce the corporate veil, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Katie Goldberg entered into a contract of sale to purchase certain real property from the defendant Cooper Lots, LLC (hereinafter Cooper Lots). The plaintiffs entered into a separate contract with the defendant KOSL Building Group, LLC (hereinafter KOSL), pursuant to which KOSL agreed to construct a new home on that property. The plaintiffs subsequently commenced this action, inter alia, to recover damages for breach of contract, alleging, among other things, that Cooper Lots, KOSL, and Bobby Ben-Simon, the alleged owner of those entities (hereinafter collectively the defendants), failed to cooperate with the requests of the plaintiffs and their lender to provide certain disclosures necessary for the plaintiffs to obtain financing for the project. The amended complaint also set forth causes of action, inter alia, to recover damages for fraud, aiding and abetting fraud, and breach of the implied covenant of good faith and fair dealing, and sought to pierce the corporate veil to impose personal liability against Ben-Simon.
The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the second, third, and fifth causes of action of the amended complaint, alleging fraud, aiding and abetting fraud, [*2]and breach of the implied covenant of good faith and fair dealing, respectively, insofar as asserted against them, and so much of the amended complaint as sought to pierce the corporate veil. The Supreme Court, among other things, granted those branches of the defendants' motion. The plaintiffs appeal.
"On a motion pursuant to CPLR 3211(a)(7), the court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Saadia v National Socy. of Hebrew Day Schs., Inc., 225 AD3d 806, 808; see Leon v Martinez, 84 NY2d 83, 87-88).
Here, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, alleging fraud, insofar as asserted against them. "[A]n essential element of any fraud [claim] is that there must be reasonable reliance, to a party's detriment, upon the representations made by the defendant against whom the fraud claimed has been asserted" (Nabatkhorian v Nabatkhorian, 127 AD3d 1043, 1044 [internal quotation marks omitted]; see Avery v WJM Dev. Corp., 197 AD3d 1141, 1144). "A party cannot claim reliance on a misrepresentation when he or she could have discovered the truth with due diligence" (KNK Enters., Inc. v Harriman Enters., Inc., 33 AD3d 872; see Avery v WJM Dev. Corp., 197 AD3d at 1144). Here, affording the amended complaint a liberal construction and accepting the allegations in the amended complaint as true, the plaintiffs failed to allege reasonable reliance upon the defendants' alleged misrepresentations, which pertained to facts the plaintiffs could have verified with due diligence (see Avery v WJM Dev. Corp., 197 AD3d at 1144).
Since a cause of action alleging aiding and abetting fraud cannot lie without the underlying fraud having been sufficiently pleaded, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, alleging aiding and abetting fraud, insofar as asserted against them (see Nabatkhorian v Nabatkhorian, 127 AD3d at 1044).
The Supreme Court also properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the fifth cause of action, alleging breach of the implied covenant of good faith and fair dealing, insofar as asserted against them. That cause of action is duplicative of the breach of contract cause of action (see Hymowitz v Nguyen, 209 AD3d 997, 1002; Deer Park Enters., LLC v Ail Sys., Inc., 57 AD3d 711, 712).
However, the Supreme Court erred in granting that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the amended complaint as sought to pierce the corporate veil. "To survive a motion to dismiss the complaint, a party seeking to pierce the corporate veil must allege facts that, if proved, establish that the party against whom the doctrine is asserted (1) exercised complete domination over the corporation with respect to the transaction at issue, and (2) through such domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against the plaintiff such that a court in equity will intervene" (Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d 765, 766; see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc., 16 NY3d 775, 776). "Factors to be considered in determining whether an individual has abused the privilege of doing business in the corporate or LLC form include the failure to adhere to LLC formalities, inadequate capitalization, commingling of assets, and the personal use of LLC funds" (Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1075; see Rosenshein v Kushner, 212 AD3d 744, 745). "Additionally, the corporate veil will be pierced to achieve equity, even absent fraud, when a corporation has been so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego" (Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d at 767 [internal quotation marks omitted]; see Rosenshein v Kushner, 212 AD3d at 745). "[A] fact-laden claim to pierce the corporate veil is unsuited for resolution on a pre-answer, pre-discovery motion to dismiss" (Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47; see F & R Goldfish Corp. v Furleiter, 210 AD3d 643, 645).
Here, the plaintiffs adequately pleaded allegations that Ben-Simon dominated Cooper Lots and KOSL, that he engaged in acts amounting to an abuse of the corporate form to perpetrate a wrong or injustice against the plaintiffs, including allegations that he commingled the assets of Cooper Lots and KOSL, and that he left KOSL undercapitalized so as to make it "judgment proof as a counterparty to its contracts with consumers" (see Archival, Inc. v 177 Realty Corp., 220 AD3d 909, 911; Gold v 22 St. Felix, LLC, 219 AD3d 588, 590; Olivieri Constr. Corp. v WN Weaver St., LLC, 144 AD3d at 767). The plaintiffs also sufficiently alleged that Cooper Lots and KOSL were an alter ego of Ben-Simon (see Rosenshein v Kushner, 212 AD3d at 745). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss so much of the amended complaint as sought to hold Ben-Simon personally liable for the alleged wrongdoing of Cooper Lots and KOSL under the doctrine of piercing the corporate veil.
DILLON, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court