■ Elliott Nonas et al., Appellants, v Jerry Romantini, Also Known as Jerry Roman, et al., Respondents. [706 NYS2d 109] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about January 20, 1999, which, insofar as appealed from, granted defendants' motion to dismiss plaintiffs' third and fourth causes of action for fraudulent conveyance and fifth cause of action for attorneys' fees, for failure to state a cause of action, unanimously reversed, on the law, with costs, and the third, fourth and fifth causes of action reinstated.

Plaintiffs' third cause of action under Debtor and Creditor Law § 276 should not have been dismissed. Thereunder, plaintiffs alleged that defendant Jerry Roman (Jerry), owner of defendant Louis Feder & Co. (Feder), transferred the assets of that business to defendant Joseph Fleisher Natural Coiffures, Inc. (Fleisher), a business owned by his wife, defendant Carolyn Roman (Carolyn), with the purpose of hindering plaintiffs' collection of an obligation incurred in September 1992 by other entities also controlled by Jerry. While plaintiffs initially alleged in the complaint that Fleisher acquired Feder in 1987 or 1988, their opposition papers on the motion (*see, Guggenheimer v Ginzburg*, 43 NY2d 268, 275), contrary to the motion court's ruling, adduced evidence sufficient to raise an issue as to whether the transfer did not occur until at least early 1992, including a 1993 W-2 statement showing Jerry's address as "c/o Feder Corp" and March 1992 correspondence signed by Jerry on a Feder letterhead. It does not avail defendants that the September 1992 obligation underlying the action may not have been in existence at the time of the alleged transfer, since there were ample indications that such obligation was being discussed at or about the time of such transfer and since section 276 applies to future as well as present creditors (*see, Julien J. Studley, Inc. v Lefrak*, 66 AD2d 208, 214, *affd* 48 NY2d 954). Badges of fraud permitting an inference of fraudulent intent include the close relationship between Feder and Fleisher, in that their owners were husband and wife; the apparently nominal consideration that Fleisher gave for Feder, in that the former was only to pay off the latter's creditors of which there were apparently none; Jerry's alleged control over the transferred property after the transfer; and, as already

indicated, the alleged incipiency of the obligation owing to plaintiffs' and Jerry's knowledge thereof (see, Pen Pak Corp. v LaSalle Natl. Bank, 240 AD2d 384, 386).

Dismissal of the fourth cause of action, which alleges a transfer of cash from Jerry to Carolyn based on her purchase of a luxury apartment, was also improper. The circumstances surrounding the purchase of the apartment, including that Jerry obtained a $950,000 loan to refinance his home in May 1990 and that six months later Carolyn purchased a $780,000 luxury apartment without securing a mortgage, also suffice to raise an issue of fraudulent conveyance under Debtor and Creditor Law § 276.

Reinstatement of the third and fourth causes of action necessarily entails reinstatement of the fifth cause of action seeking attorneys' fees pursuant to Debtor and Creditor Law § 276-a. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.