■ JTS Trading Ltd., Appellant, v Trinity White City Ventures Limited et al., Defendants. Sahara US Corp. et al., Nonparty Respondents. [33 NYS3d 191]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 15, 2015, which denied the motion of plaintiff JTS Trading Ltd. seeking prejudgment attachment of properties under CPLR 6212 and 6201 (1) and (3), unanimously affirmed, without costs.

The court properly declined to pierce the corporate veil to attach the properties of nonparties Sahara Plaza LLC and Sahara Dreams LLC. The corporate veil of a business entity may be pierced where a plaintiff sufficiently states that "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff

which resulted in plaintiff's injury" (*Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]; *see TIAA Global Invs., LLC v One Astoria Sq. LLC*, 127 AD3d 75, 90 [1st Dept 2015]).

Here, JTS demonstrated that defendant Aamby Valley (Mauritius) Ltd. (Aamby Mauritius) dominated and controlled Sahara Plaza LLC and Sahara Dreams LLC (collectively Sahara LLCs) by submitting proof showing absence of corporate formalities between these entities. While nonparty respondents claim that the Sahara LLCs own the hotels sought to be attached, they do not dispute that Aamby Mauritius had negotiated deals concerning the sale or refinancing of the hotels with defendant Trinity White City Ventures Limited (TWCV) and nonparty Mirach Capital Group. Indeed, the director of Aamby Mauritius, Sandeep Wadhwa, acknowledged as much in his affidavit. Wadhwa also admitted that "Aamby Mauritius sought approval for its transaction with Mirach from the Supreme Court of India" in a regulatory proceeding in India, and that "Aamby Mauritius always intended to repay the loan and retain its ownership interest in the Properties." A lack of corporate formalities is also demonstrated by the fact that the parties to the regulatory proceeding, Sahara India Real Estate Corporation Limited and Sahara Housing Investment Corporation Limited, had successfully sought permission by the Supreme Court of India to sell the subject properties to meet their owner's bail conditions.

Nevertheless, JTS has not shown that Aamby Mauritius used its domination of the Sahara LLCs to commit a fraud or a wrong against JTS. JTS argues that Aamby Mauritius "abetted TWCV's breaches of fiduciary duty while dominating the Sahara LLCs" and that such domination "enabled" Aamby Mauritius to negotiate a financing transaction with TWCV concerning the properties, causing TWCV to breach a joint venture agreement between TWCV and JTS. However, JTS has not shown that Aamby Mauritius entered into negotiations with TWCV for the purpose of causing TWCV to breach its fiduciary duty to JTS. Rather, Aamby Mauritius and TWCV were engaged in an arms-length transaction and, even though TWCV breached it fiduciary duty to JTS, nothing shows that Aamby Mauritius entered into the transaction for the purpose of harming JTS (*see TNS Holdings v MKI Sec. Corp.*, 92 NY2d 335, 339-340 [1998]; *Fairpoint Cos., LLC v Vella*, 134 AD3d 645 [1st Dept 2015]). Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Gesmer, JJ.