Aspire Music Group, LLC v Cash Money Records, Inc. (2019 NY Slip Op 00983)





Aspire Music Group, LLC v Cash Money Records, Inc.


2019 NY Slip Op 00983


Decided on February 7, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2019

Sweeny, J.P., Tom, Webber, Kahn, Kern, JJ.


8361 652029/17

[*1]Aspire Music Group, LLC, Plaintiff-Respondent,
v
Cash Money Records, Inc., et al., Defendants, UMG Recordings, Inc., Defendant-Appellant.


Sidley Austin LLP, New York (John G. Hutchinson of counsel), for appellant.
Kasowitz Benson Torres LLP, Los Angeles, CA (Daniel A. Saunders of the bar of the State of California, admitted pro hac vice of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered July 3, 2018, which, to the extent appealed from, denied defendant UMG Recordings, Inc.'s (Universal) motion pursuant to CPLR 3211 to dismiss the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The motion court correctly applied New York law to plaintiff's claim that Universal is the alter ego of defendant Cash Money Records, Inc. (see Deutsche Bank, AG v Vik, 142 AD3d 829 [1st Dept 2016]). The agreement between plaintiff and the joint venture of which Cash Money was a part (Aspire/YME Agreement) was executed in New York, and the record establishes that Cash Money and Universal conducted business with each other in New York.
Nevertheless, the court erred in sustaining the claims against Universal on the basis of the alter ego theory. Even assuming Universal was an "equitable owner" of Cash Money (see Freeman v Complex Computing Co., Inc., 119 F3d 1044, 1051 [2d Cir 1997]), the complaint fails to allege that Universal's domination of Cash Money was used to commit a wrong against plaintiff (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]). The complaint essentially alleges that Universal took advantage of Cash Money's cash flow problems by helping to satisfy millions of dollars of Cash Money's debts in exchange for control of Cash Money, and then, through such control, paid itself higher distribution fees, thereby reducing the net profits that plaintiff was entitled to receive under the Aspire/YME Agreement. These allegations describe legitimate business conduct; there is no indication that Universal engaged in this conduct for the purpose of harming plaintiff (see JTS Trading Ltd. v Trinity White City Ventures Ltd., 139 AD3d 630 [1st Dept 2016]; TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339-340 [1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 7, 2019
CLERK