Lynx Capital Partners of NJ, LLC v Bayes Capital LLC (2023 NY Slip Op 03408)

Lynx Capital Partners of NJ, LLC v Bayes Capital LLC

2023 NY Slip Op 03408

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Index No. 650722/19 Appeal No. 537-538-539 Case No. 2022-02201 2022-04274 2023-00057 

[*1]Lynx Capital Partners of NJ, LLC, Plaintiff-Respondent,
v
Bayes Capital LLC, et al., Defendants-Appellants. 

Cole Schotz P.C., New York (Jed M. Weiss of counsel), for appellants.
Alan L. Frank Law Associates, P.C., New York (Samantha Millrood of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered December 27, 2022, in favor of plaintiff and against defendants as to liability, and bringing up for review orders, same court and Justice, entered on or about April 11, 2022 and September 9, 2022, which granted plaintiff's CPLR 3126 motion to strike the pleadings and denied defendants' cross-motion to dismiss the complaint as against Hockeytown, LLC and to dismiss the fraud claims against all defendants, and granted plaintiff's motion to clarify that the April 2022 order struck all defendants' answers, unanimously modified, on the law, to vacate the judgment as against Hockeytown and dismiss the complaint as against it, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint as against Hockeytown, LLC. Appeals from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court did not abuse its discretion in striking defendants' answers. It properly concluded that defendants' behavior leading up to their document production on January 7, 2022 was dilatory. Among other things, defendants failed to index their August 2021 production of 34,000 documents, evidencing an intention to make it difficult for plaintiff to locate relevant documents, and defendants' production of bank account statements were not chronologically sequenced, suggesting that they were not produced as they are kept in the regular course of business (CPLR 3122[c]). Defendants also provided no explanation for why they had not produced defendant Bayes Capital LLC's general ledgers, SEC filings, K-1s, W-2s, 1099s, payroll registers, documents relating to notes payable, loans, and gifts, and documents relating to Bayes's relationships with the individual defendants, including employment records, until the end of 2021 or in its January 7, 2022 production. These documents were requested in January 2021, and the court specifically ordered their production by the end of July 2021.
Defendants also never explained why they did not produce any 1099s or other tax materials issued by Bayes concerning its 2017 dividend payments to defendant BCM Holdings, LLC. Nor did the individual defendants ever furnish affidavits indicating which documents, of those requested, they were unable to locate, even though plaintiff requested such affidavits at least twice (in its September 3, 2021 deficiency letter and its January 14, 2022 attorney affirmation), and the court orally directed defendants to provide an affidavit of due diligence comporting with Jackson v City of New York (185 AD2d 768 [1st Dept 1992]).
Thus, in combination with defendants' dilatory behavior in furnishing discovery, including in violation of the court's June 2021 order, as well as the court's warning on November 23, 2021 that it would strike Bayes's answer if it and the individual defendants did not comply with plaintiff's demands, the court properly struck defendants' [*2]answer (see e.g. Arts4All, Ltd. v Hancock, 54 AD3d 286, 288 [1st Dept 2008], affd 12 NY3d 846 [2009]).
The court was also entitled to strike the answer as against all defendants, not just Bayes. Although Bayes was the only defendant at the time of the court's April 11, 2022 order, the individual defendants, having been subpoenaed, were subject to the court's June and November 2021 orders. It was not just Bayes but also the individual defendants who violated the court orders. Moreover, the other entity defendants, which had also been subpoenaed, were controlled by the individual defendants; the previously sought discovery concerned those entity defendants; the discovery produced on January 7, 2022 was on behalf of all defendants; and all defendants were represented before the court by the time it issued its November 23, 2021 warning.
Plaintiff also adequately stated fraudulent conveyance claims against defendants. The second amended complaint alleges that six-figure same-day transfers were made from Bayes to its owner, BCM Holdings, which then transferred an equal amount to defendant G2 Investment Fund, LLC, in November 2017 and January and April 2018. Although Bayes made a lump sum payment on October 1, 2017 for its license of plaintiff's software through March 2018, the record demonstrates that Bayes anticipated an obligation after March 2018. Thus plaintiff's claims as to payments after that date were adequately alleged (see Nonas v Romantini, 271 AD2d 292, 292 [1st Dept 2000]). By identifying the close relationships among the individual and entity defendants, plaintiff also adequately pleaded "badges of fraud," including that the alleged transfers were in bad faith (see Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999]; Matter of Uni-Rty Corp. v New York Guangdong Fin., Inc., 117 AD3d 427, 428 [1st Dept 2014]).
However, the complaint should have been dismissed as against Hockeytown for lack of personal jurisdiction, as plaintiff failed to make a "sufficient start" in demonstrating jurisdiction under either CPLR 302(a)(2) or (3)(ii) (see Matter of James v iFinex Inc., 185 AD3d 22, 30 [1st Dept 2020]). As to personal jurisdiction over Hockeytown under CPLR 302(a)(2), both the alleged transferor and the alleged transferees were New Jersey entities, and the complaint offers no other indicia that the transfers occurred in New York (see Kramer v Vogl, 17 NY2d 27, 31 [1966]). As to CPLR 302(a)(3)(ii), plaintiff has not alleged that Hockeytown "derives substantial revenue from interstate or international commerce," as required to confer jurisdiction under that subsection.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023