Cohen v Cohen (2026 NY Slip Op 00192)

Cohen v Cohen

2026 NY Slip Op 00192

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Index No. 655036/22|Appeal No. 5624-5625|Case No. 2024-07743, 2025-02673|

[*1]Jeri Cohen, Plaintiff-Appellant,
vJeffrey Cohen, Defendant-Respondent, Cred Partners Doing Business as Corporate Bailout Partners LLC, et al., Defendants. 

Mantel McDonough Riso, LLP, New York (Gerard A. Riso of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale (Dan Shapiro of counsel), for respondent.

Judgment, Supreme Court, New York County (Louis L. Nock, J.), entered April 23, 2025, dismissing the action as against Jeffrey Cohen, unanimously modified, on the law, to reinstate the sixth cause of action and so much of the first and fifth causes of action as against Cohen as are based on (1) defendant Orchard Street Funding, LLC (OSF)'s release of its $776,500 loan to defendant Cred Partners, LLC (Cred P) and (2) defendant Recet, LLC's use of the funds of OSF and defendant Capital and Cash Partners, LLC (together with OSF, the Judgment Debtors) to settle Belmont Brothers Realty Co. et al. v Golden Pear Merchant Capital LLC et al. (the Belmont action), and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about November 22, 2024, which granted Cohen's motion to dismiss the claims against him pursuant to CPLR 3211(a)(1) and (7) and denied plaintiff's cross-motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court should not have dismissed the entire action at the pleading stage because plaintiff has sufficiently alleged that Cohen benefited to some extent from the Judgment Debtors' transfers to Cred P and Recet in two ways (see generally Federal Deposit Ins. Corp. v Porco, 75 NY2d 840, 842 [1990]).
First, the complaint alleges that Cohen caused the Judgment Debtors to forgive and release [FN1] Cred P from its obligation to repay the $776,500 loan made to it by OSF. The complaint alleges that Cohen benefited from this release because it eliminated nonparty Comarc's recourse liability and allowed Cohen to take advantage of resultant tax losses that would not have been available to him if he had a negative capital account balance (see Debtor and Creditor Law [DCL] former § 270; cf. Matter of White Plains Plaza Realty, LLC v Cappelli, 188 AD3d 898 [2d Dept 2020]).
Second, the complaint alleges that Cohen directed Recet to use a $300,000 payment from the Judgment Debtors to the Belmont action. The complaint alleges that Cohen benefited from this because it resolved a pending lawsuit that accused him of fraud. Supreme Court improperly determined that this allegation, if proven, would not constitute a fraudulent conveyance under the former DCL provisions at issue on this appeal. Generally, "a conveyance which satisfies an antecedent debt made while the debtor is insolvent is neither fraudulent nor otherwise improper, even if its effect is to prefer one creditor over another" (Ultramar Energy v Chase Manhattan Bank, 191 AD2d 86, 90-91 [1st Dept 1993]). However, "fair consideration" requires good faith on the part of both the transferor and the transferee (see Sardis v Frankel, 113 AD3d 135, 141-142 [1st Dept 2014]). "[P]referential transfers to directors, officers and shareholders of insolvent corporations in derogation of the rights of general creditors do not fulfill the good-faith requirements of the Debtor and Creditor Law" (Farm Stores v School Feeding Corp., 102 AD2d 249, 254 [2d Dept 1984], affd 64 NY2d 1065 [1985]). Here, plaintiff alleges that the $300,000 transfer to Recet was used to settle claims made against Cohen personally in the Belmont action at her expense, which she alleges would not fulfill the good-faith requirements of the former DCL provisions at issue. Although Cohen contends that the Judgment Debtors would have had to indemnify him for the Belmont settlement, it is not entirely clear that is the case. The Judgment Debtors' operating agreements provide for indemnification for "any person who . . . is a . . . defendant . . .by reason of the fact that he is or was a Member . . . [or] Manager." However, Cohen was not a defendant in the Belmont action merely in his capacity as the Judgment Debtors' manager; rather, the plaintiffs in the Belmont action alleged that Cohen and/or his father forged a letter authorizing the transformation of a $1 million loan to nonparty Gold Pear Funding, LLC (GPF) into a $1 million loan to OSF. Accordingly, plaintiff should be permitted to go forward with her claim that the use of Judgment Debtor funds to complete the settlement violated the DCL.
Plaintiff alleges that Cohen also benefited from the $776,500 loan made by OSF to Cred P because it enabled Cred P to make $10 million in profits and Cohen held an ownership interest in Cred P through his holdings in two other companies. However, the mere fact that the transferee corporation in which Cohen held an ownership interest received a loan and generated profits is not sufficient to render Cohen a beneficiary of the transfer (see D'Mel & Assoc. v Athco, Inc., 105 AD3d 451, 452-453 [1st Dept 2013], citing Roselink Invs., LLC v Shenkman, 386 F Supp 2d 209, 227 [SD NY 2004]).
Additionally, to the extent plaintiff's DCL claims are based on Cred P's and Recet's payment of rent to nonparty General Vision Services, LLC (GVS), they were properly dismissed as against Cohen, even though plaintiff alleges he owns 16% of GVS. Cohen "is not the same as [GVS], and it is not clear that the receipt of rent would constitute a benefit from the conveyance" (Matter of 4042 E. Tremont CafÉ Corp. v Sodono, 177 AD3d 456, 458 [1st Dept 2019]). Similarly, although plaintiff alleges that Cohen benefited from the "floating" of the Judgment Debtors' funds through Recet to allow GPF (in which he had a 16% stake) to survive until it was sold for $100 million, this claim is unavailing insofar as the "floated" funds were returned (see TLC Merchant Bankers, Inc. v Brauser, 2003 US Dist LEXIS 3564, *12, 2003 WL 1090280, *4 [SD NY, March 11, 2003, No. 01 Civ. 3044 GEL]).
Turning to the remaining causes of action, plaintiff sufficiently alleged badges of fraud for her claim under DCL former section 276. The complaint alleges that Cohen caused the Judgment Debtors to transfer funds to Cred P and Recet for no consideration; that he had ownership interests in both the Judgment Debtors and Cred P, and that the nominal owner of Recet was holding that interest for Cohen; that he still controlled the funds after they were transferred to Cred P and Recet; and that he knew that plaintiff's promissory notes had not been paid (see e.g. Nonas v Romantini, 271 AD2d 292, 292-293 [1st Dept 2002]).
Further, Supreme Court improperly dismissed the sixth cause of action alleging alter-ego liability. "New York does not recognize a separate cause of action to pierce the corporate veil" (Chiomenti Studio Legale, L.L.C. v Prodos Capital Mgt. LLC, 140 AD3d 635, 636 [1st Dept 2016] [internal quotation marks omitted]; see also e.g. Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]). However, "[o]n a motion to dismiss a complaint, we . . . determine simply whether the facts alleged fit within any cognizable legal theory" (Morone v Morone, 50 NY2d 481, 484 [1980]). Piercing the corporate veil to impose liability on the corporation's owners, or on those who dominate it, is such a theory (see e.g. Morris, 82 NY2d at 140-142).
"Generally. . . piercing the corporate veil requires a showing that: (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Morris, 82 NY2d at 141). Cohen does not dispute that he dominated the Judgment Debtors, but he contends that the sixth cause of action was properly dismissed because plaintiff's allegations failed to satisfy the second prong's wrongdoing requirement.
Initially, "while fraud certainly satisfies the wrongdoing requirement, other claims of inequity or malfeasance will also suffice" (Baby Phat Holding Co., LLC v Kellwood Co., 123 AD3d 405, 407 [1st Dept 2014] citing TNS Holdings v MKI Sec. Corp., 92 NY2d 335, 339 [1998]). "Allegations that corporate funds were purposefully diverted to make [the corporation] judgment proof . . . are sufficient to satisfy the pleading requirement of wrongdoing which is necessary to pierce the corporate veil on an alter-ego theory" (id. at 407-408). When "legitimate business activity" is involved, we have sometimes required a plaintiff to allege that the dominator "engaged in th[e] conduct for the purpose of harming plaintiff" (Aspire Music Group, LLC v Cash Money Records, Inc., 169 AD3d 441, 441-442 [1st Dept 2019]; see also JTS Trading Ltd. v Trinity White City Ventures Ltd., 139 AD3d 630, 631 [1st Dept 2016]). However, this requirement does not apply when "the defendant against whom alter ego liability [i]s asserted . . . commit[s] fraud and malfeasance" (Baltic Fourth LLC v Stern, 193 AD3d 630, 633 [1st Dept 2021]).
In any event, giving plaintiff the benefit of all favorable inferences as required on a CPLR 3211(a)(7) motion, she alleges that Cohen caused the Judgment Debtors' funds owed to her to be diverted to Cred P and Recet in order to circumvent payment of the funds owed to her, which would render her judgment against the Judgment Debtors "nothing more than a pyrrhic victory" (Rich v J.A Madison, LLC, 241 NYS3d 639, 644 [1st Dept 2025]; see also GNHC 1703-518, LLC v Venari Partners, LLC, 2024 NY Slip Op 32388[U], *12 [Sup Ct, NY County 2024]). This allegation satisfies the "fraud or wrong" requirement of piercing the corporate veil (see id.).
Finally, we find that plaintiff is not an intended beneficiary of section 5.1.1 of the Judgment Debtors' operating agreements (see CWCapital Invs. LLC v CWCapital Cobalt VR Ltd., 182 AD3d 448, 452-453 [1st Dept 2020] [the plaintiffs were third-party beneficiary of one section of certain agreements but not of another section]). Plaintiff's reliance on Cohen's deposition testimony is unavailing, because "extrinsic evidence may not be considered unless the document . . . is ambiguous" (Kasowitz, Benson, Torres & Friedman, LLP v Duane Reade, 98 AD3d 403, 406 [1st Dept 2012] [internal quotation marks omitted], affd 20 NY3d 1082 [2013]). The relevant sections of the operating agreement are not ambiguous. Accordingly, the seventh cause of action was properly dismissed.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026

Footnotes

Footnote 1: The conveyances alleged in the complaint were made from 2016 through 2018; therefore, the pre-April 4, 2020 version of the Debtor and Creditor Law applies. Former section 270 included "release" as a type of "conveyance" that could be characterized as fraudulent.